## No. 5655.

## Isom McConnel v. The State.

Assault and Battery—Intent—Evidence.—An "intent to injure" is an essential element of assault and battery. This intent is presumed when the injury has been inflicted by violence to the person, and it devolves upon the accused to show accident or innocent intent. See the opinion and the statement of the case for the substance of evidence *held* insufficient to support a conviction for assault and battery.

Appeal from the County Court of Cooke. Tried below before the Hon. J. E. Haworth, County Judge.

The conviction in this case was for an assault and battery on Patsey McConnell, and the penalty assessed was a fine of twenty-five dollars.

Patsey McConnell testified, for the State, that she was the wife of the defendant. On the day charged in the information the defendant, who was an adult male, kicked the witness on the leg. The kick was not a severe one, nor did it hurt or pain the witness. Defendant was not angry at the time he kicked witness.

On cross examination, the witness said that she made the complaint against the defendant, but made it because she was mad with defendant for going to see another woman.

Defense offered no evidence.

*A. M. Thomason*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

White, Presiding Judge. An "intent to injure" is an element absolutely essential to constitute the offense of assault and battery. (Penal Code, art. 475.) It is true that when an injury is caused by violence to the person the intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention. (Penal Code, art. 476.)

In this case the alleged injured party swore positively as a witness that the defendant did not intend to injure her, and did

not hurt her; that she made the complaint against him at the time it was made because she was mad at him. Her evidence was the only evidence adduced as to the commission of the offense, and, according to that evidence, the prosecution did not make out the case; wherefore, because the judgment is against the evidence, it is reversed and the cause remanded. (Ware v. The State, 24 Texas Ct. App., 521.)

*Reversed and remanded.*

Opinion delivered April 7, 1888.