## BOWERS v. BINGHAM.
### No. 5397.

Court of Civil Appeals of Texas. Amarillo.

Feb. 23, 1942.

Stennis & Osborne, of Pampa, and Clayton Heare, of Shamrock, for appellant.

Hoover, Hoover & Cussen, of Canadian, and Orval Grim, of Cheyenne, Okl., for appellee.

FOLLEY, Justice.

This is an appeal from an order overruling a plea of privilege in a trial of only the venue issue before a jury wherein the court peremptorily directed a verdict. The suit was filed in Wheeler County by the appellee, Jack Bingham, against the appellant, Aurbra Bowers, who resided in Gray County. The appellee, who is an amateur rodeo performer, sought damages for personal injuries which he alleged he received when he was run over by a horse ridden by the appellant on September 7, 1940, at a rodeo in Wheeler County. The appellee was employed as a cowboy by the appellant on the latter's ranch and had been so employed for about four years prior to September 7, 1940. The appellee and Charles Montgomery, another cowboy on the same ranch, staged a rodeo in Wheeler County, using the cattle and horses of the appellant in such public exhibition. They had asked the appellant to act as a judge in the rodeo at which the appellee and Montgomery were participants in the events. The appellant served in this capacity throughout the performance. The rodeo began about 2 o'clock in the afternoon. About 4 o'clock the event occurred out of which this suit originated. The appellee and Montgomery were participating in what was called a "Wild Cow Milking Contest." Montgomery had roped the cow so as to permit the appellee to hold her while Montgomery milked her. The appellant, acting in his capacity as judge, was then mounted on his horse known as "Billy the Tough" and shown by the testimony to have been a high-spirited animal and a race horse. While the appellee was holding the cow, the appellant's horse ran over him. The appellee alleged that the act of the appellant, from which he received his injuries, was negligent, willful, wanton, malicious and unlawful, and constituted an assault and battery under Article 1140, Vernon's Ann.P.C.

The appellant filed his plea of privilege to be sued in Gray County. The appellee filed his controverting affidavit seeking to retain the venue in Wheeler County under Subdivision 9 of Article 1995, Vernon's Ann.Civ.St., relative to suits based upon a crime, offense or trespass. The appellant demanded a jury upon the hearing of the plea. A jury was duly impaneled and the evidence introduced, at the conclusion of which the trial court directed a verdict for the appellee, and thereupon overruled the plea. From such action this appeal is prosecuted.

The chief complaint of the appellant is that under the facts the court erred in directing a verdict for the appellee. This assignment, we think, must be sustained. In order to establish the venue in Wheeler County it was necessary for the appellee to prove the essential elements of either a crime or a trespass committed in Wheeler County. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. In so far as the crime portion of the venue exception is concerned, we think it was imperative that the appellee show that the act of the appellant was not accidental but willful and intentional, and under the facts of this case the usual presumption of intent to injure in assault cases would not, in our opinion, be conclusive because of the fact that whatever injuries the appellee sustained came about as the result of his contact with the horse upon which the appellant was riding, the horse itself being an actor in the event. Perkins v. State, 62 Tex. Cr.R. 508, 138 S.W. 133; Rutherford v. State, 13 Tex.App. 92. The injuries were not the result of any direct personal assault made by the appellant by the use of any

part of his body, or by the use by him of some inanimate object wholly subject to his will, and thus, the element of accidental injury was not excluded. It also seems to be the rule that the intent to injure will, under no circumstances, be presumed when no injury has been inflicted. Ware v. State, 24 Tex.App. 521, 7 S.W. 240; McConnell v. State, 25 Tex.App. 329, 8 S.W. 275; Ward v. State, 68 Tex.Cr.R. 154, 151 S.W. 1073; Robey v. State, 73 Tex.Cr.R. 9, 163 S.W. 713. Under such rule it also was incumbent upon the appellee to prove that he was injured. In so far as the trespass portion of the exception is involved, it behooved the appellee to show that the act of appellant was willfully committed or was the result of active or affirmative negligence, that is, it was a misfeasanace rather than a nonfeasance. 33 Tex.Jur. 86, 87, par. 56, and authorities there cited.

In attempting to discharge the above burden, the appellee relied almost solely upon his own testimony. It was to the effect that the appellant approached him on the horse, cursed him, told him to hurry up, and stated that if appellee did not get out of his way he would run over him. Appellee further testified that appellant thereupon did run over him with the horse and that he thereby received a gash in his head and injuries to his back and kidneys; that he finished the rodeo and took the cattle used therein back to the appellant's ranch some seven miles away; that the next morning he helped to separate some cattle at appellant's ranch; that on Monday he came back to Allison and returned some lumber they had borrowed from a lumber yard for use in the rodeo; that on Tuesday he went to see a doctor, and quit working for the appellant on Wednesday; that since then he had worked some at a commodity house in Oklahoma where he had sacked beans; that he had also drilled some wheat for his father; that prior to his injury he had never had any quarrels with the appellant; and that there had never been any ill will between them either before or after the rodeo. By insinuations gleaned from his testimony the appellee apparently attempted to leave the impression that the act of appellant was willful and malicious; however, such testimony was a mere conclusion of the witness and was not substantiated by any fact or circumstance, unless, perhaps, by his uncorroborated testimony that the appellant cursed and threatened him. The only corroboration offered for appellee's testimony was that from his witness, Cecil McCoy, upon whose leasehold the rodeo was held. The substance of his testimony was merely that the appellant rode up on his horse to the place where appellee and Montgomery were milking the wild cow, and ran over the appellee with the horse, knocking him down. McCoy did not corroborate the appellee's testimony as to the appellant cursing or threatening the appellee, nor did he corroborate it as to the appellee's receiving any sort of an injury, not even concerning the purported gash in the appellee's head.

The general rule, as established by our Supreme Court, is that the credibility of an interested witness and the weight to be given his testimony are questions for the determination of the court or jury trying the case, notwithstanding such testimony may be uncontroverted and such witness unimpeached. Pope v. Beauchamp et al., 110 Tex. 271, 219 S.W. 447; Simmonds et al. v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332; Smalley v. Octagon Oil Co. et al., Tex.Civ.App., 82 S.W.2d 1049, 1053, and authorities there cited. This rule, however, has its exceptions. When the testimony of such an interested witness is "wholly uncontradicted, is clear, positive, and unequivocal on the point at issue, and there are no circumstances in evidence tending to discredit or impeach such testimony, conclusive effect should be given thereto." Great Southern Life Ins. Co. v. Dorough, Tex.Civ.App., 100 S.W.2d 772, 776; Texas Employers' Ins. Ass'n v. Roberts, 135 Tex. 123, 139 S.W.2d 80, 85, and authorities there cited. We are of the opinion, however, that appellee's testimony was not such as to bring it within this exception to the general rule stated. Unless there was some ill will or bad feeling between the parties involved at the time of the occurrence or some immediate cause for the purported assault, such as sudden anger or malice, it is hardly conceivable that one would deliberately, willfully and purposely ride a horse over a friend and employe of such long standing. The total absence of such a motive or cause for the alleged willful conduct, we think, casts some suspicion upon the testimony of the appellee in this regard. Moreover, the appellee's subsequent ability to finish the rodeo and his continued work thereafter also cast some suspicion upon his testimony that he received injuries. In our judgment, these circumstances presented questions of

fact for the determination of the jury relative to the conduct of the appellant, that is, whether his act was accidental or willful, and also as to whether injuries were actually received by the appellee. We therefore conclude the court erred in directing a verdict for the appellee, and that the judgment should be reversed, and the cause remanded. 43 Tex.Jur. 887, 888, par. 141.

Reversed and remanded.