## CONTINENTAL FIRE & CASUALTY INS. CORPORATION v. WHITLOCK.
### No. 5858.

Court of Civil Appeals of Texas. Amarillo.
March 29, 1948.

John T. Gano, of Dallas, and M. E. Clough, of Fort Worth, for appellant.

Allen Clark, of Greenville, for appellee.

PITTS, Chief Justice.

This is a venue suit in which appellee, James H. Whitlock, filed suit against appellant, Continental Fire & Casualty Insurance Corporation, on an automobile fire insurance policy for the sum of $244.47 due him as mortgagee named in the said policy. Appellant filed its plea of privilege to be sued in Dallas County, the county of its residence. Appellee filed his controverting plea. The case was tried to the court without a jury and the plea of privilege was overruled from which order appellant perfected its appeal.

The statement of facts contains photostats of seven exhibits, some of which are lengthy. The original instruments were not copied therein and there is no showing that such could not have been done or, if necessary, that the originals could not have been sent up by order of the trial court. The inclusion of such photostats in the statement of facts does not comply with the rules of procedure governing such a matter. Reading photostats is hard on the eyes of anybody. Such a practice shows little consideration for the eyes of the members of the appellate courts and the practice is condemned by us.

The record reveals that appellee financed the purchase of a secondhand automobile for Griffis Heath, a colored boy, who executed a note on May 14, 1946, in the amount of $645.75, payable to appellee in fifteen installments, secured by a chattel mortgage on the said automobile; that on the same day Griffis Heath transferred and assigned to appellee the certificate of title to the automobile pending the full payment of the note; that on the next day appellant issued its policy through its agent at Greenville, Hunt County, Texas, whereby it, through the said policy, insured Griffis Heath against fire and theft of the said auto automobile to the actual cash value of the same. The said policy showed the said automobile was encumbered in the amount of $645.75 in favor of appellee whose interest was likewise protected by the policy. In the loss coverage clause of the policy appellee was named as the payee and the policy directed that in case of loss he be paid as his interest may appear at Greenville, Texas, which the record shows to be in Hunt County. On or about April 15, 1947, while the said policy was in full force the automobile was destroyed by fire. The actual cash value of the automobile at the time was $400 or more. Griffis Heath had reduced his indebtedness to appellee to the sum of $222.25 plus interest and attorney fees, all of which was unpaid, and appellant and Griffis Heath both had declined to pay appellee the amount claimed.

The record further reveals that appellant was a private corporation with its principal office located in Dallas County, Texas, but it had an agent, namely, R. L. Warren, representing it during all the related transactions in Greenville, Hunt County, Texas.

Appellant presented its plea of privilege in due form. Appellee controverted the plea of privilege and made his original petition, which set out the facts related above, as a part thereof as though it had been fully copied therein and adopted his original petition as a part of his controverting plea. He likewise pleaded that appellant was a corporation and had an agent in Greenville, Hunt County, Texas, and further pleaded that he was relying upon the facts alleged and Subdivision 23 of Article 1995 to establish venue in Hunt County.

Subdivision 23 of Article 1995 as amended, Vernon's Annotated Civil Statutes, provides in part that suits may be brought against a private corporation in a county where the cause of action or a part thereof arose or in a county in which the plaintiff resided at the time the cause of action or a part thereof arose, provided such corpora-

tion had an agent in such county at said time.

■ It is our opinion that Hunt County had venue of the case because a part of the cause of action arose in said county since the insurance contract was prepared and countersigned and apparently delivered in Hunt County and it provided on its face that it was not valid until it was countersigned by the agent who lived in Hunt County and the said policy was countersigned by the Hunt County agent. The record likewise reveals that appellee, who was plaintiff in the trial court, lived in Greenville, Hunt County, during all the transactions. The policy likewise provided that any payments due appellee should be made to him and his address was given as in Hunt County. 11 Tex.Jur. 57 and 59, Paragraph 403; United Hay Co. v. Mueller-Huber Grain Co., Tex. Civ.App., 296 S.W. 985; Davis v. Texas Life Ins. Co., Tex.Civ.App., 22 S.W.2d 960; Big Spring Mut. Aid Ass'n v. Moore, Tex. Civ.App., 62 S.W.2d 387; Stanolind Oil & Gas Co. v. Christian, Tex.Civ.App., 64 S.W.2d 363; and National Aid Life Ass'n v. Driskill, Tex.Civ.App., 138 S.W.2d 238.

■ Plaintiff may plead the necessary fact or facts in the controverting plea upon which he relies to confer venue or his controverting plea is sufficient if it definitely and directly makes its original petition a part thereof or adopts it as a part thereof without copying the same in full therein provided the controverting plea together with the said petition contains sufficient facts to confer venue. Cogdell v. Martin, Tex.Civ.App., 176 S.W.2d 982; A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619; Demmer v. Lampasas Auto Co., Tex.Civ.App., 34 S.W.2d 421.

■ It is our opinion that the facts pleaded by appellee were sufficient to confer venue in Hunt County but his affidavit is wholly insufficient and fatally defective. When the defendant files a plea of privilege it constitutes prima facie proof of his right to a change of venue and the burden then shifts and rests upon the plaintiff to clearly plead and prove that the case comes within the claimed exception before a defendant can be deprived of the right of trial in the county of his residence. This appellee as plaintiff did in this case except for the error made in his affidavit attached to and purporting to verify his controverting plea. In his affidavit appellee swore that he had "carefully read the above and foregoing plea of privilege and plaintiff's petition and that the facts stated in said plea of privilege and plaintiff's petition are true and correct." Nowhere did he mention or refer to his controverting plea. The rule is well established that a document to which an affidavit refers should be identified therein in some manner. Rule 86, Texas Rules of Civil Procedure, provides in part that a controverting plea must be sworn to setting out specifically the grounds relied upon to confer venue of the cause. The rule is likewise well established that the affidavit purporting to verify the controverting plea must be direct and unequivocal as to the facts sworn to. It must be sufficiently definite that, if untrue, the affiant would be subject to prosecution for perjury. C. F. Lytle Co. v. Preston, Tex.Civ.App., 175 S. W.2d 440, and Fair v. Mayfield Feed & Grain Co., Tex.Civ.App., 203 S.W.2d 801. Unless an affidavit is properly sworn to it becomes a mere purported affidavit or statement which has no effect and an unverified controverting plea is fatally defective. Lopez v. Cantu, Tex.Civ.App., 130 S.W.2d 345; E. L. Witt & Sons v. Stith, Tex.Civ.App., 265 S.W. 1076. It is very evident that appellee intended to swear to his controverting plea rather than swear to the truthfulness and correctness of appellant's plea of privilege and his own original petition, two instruments diametrically opposed to each other and are therefore inconsistent with each other. But this Court is not authorized to supply the apparent defects in the affidavit by presumption or otherwise as to what affiant may have intended to swear. We must be governed by what he has sworn to as shown by the language used. 2 Tex.Jur. 360, Paragraph 21, and other authorities there cited. For the reasons stated the judgment of the trial court will be reversed and the cause remanded. Bowers v. Bingham, Tex.Civ.App., 159 S.W.2d 576.