## DICKSON v. KLETT.
### No. 11969.

Court of Civil Appeals of Texas. Galveston.
April 29, 1948.

Rehearing Denied May 20, 1948.

382

Allen & Allen, of Hallettsville, and Baker, Botts, Andrews & Parish and Dillon Anderson, all of Houston, for appellant.

E. L. Klett, of Lubbock, Fertsch & Fertsch and Paul C. Boethel, all of Hallettsville, Wm. H. Duls and Warren J. Collins, both of Dallas, and J. W. Ragsdale, of Victoria, for appellee.

CODY, Justice.

This is a plea of privilege case. It was filed in Lavaca County against a resident of Lubbock County. In his affidavit controverting defendant's plea of privilege, plaintiff contended that his suit was maintainable where it was brought under Subdivisions 5 and 29a of R.C.S. Article 1995, Vernon's Ann.Civ.St. art. 1995, subds. 5, 29a. But the court, trying the controversy without a jury, sustained the plea and ordered the case transferred to Lubbock, the county of defendant's residence. No conclusions of fact or law were requested.

Raymond Dickson, who is hereafter called plaintiff, was a beneficiary under the

will of Julia C. Green, deceased, and brought this suit on his own behalf and on that of all other beneficiaries of said will against E. L. Klett, both as an individual and in his capacities as temporary administrator of the estate of Julia C. Green and independent executor of William D. Green, deceased, and plaintiff joined Miriam Green, widow of the said William D. Green, as a defendant to his said suit. E. L. Klett held his said representative capacities under letters from the county court of Lavaca County wherein the wills of Julia C. Green and William D. Green were probated.—In the course of the proceeding, the plaintiff, with the approval of the court entered of record, dismissed his suit against E. L. Klett in his individual capacity and against Mrs. Miriam Green, widow of William D. Green, and proceeded to judgment in the controversy only against E. L. Klett in Mr. Klett's representative capacities.

It is the position of plaintiff that his petition and controverting affidavit discloses that his suit was on a promissory note for the principle sum of $20,000.00, executed by the aforesaid William D. Green on August 20, 1943, which, according to its written terms, was payable to said Julia C. Green on demand, at Shiner in Lavaca County, Texas, and that the petition further discloses that it was brought to recover such additional amount which it alleged could be made certain upon an accounting between the estates of the aforesaid Julia C. Green and William D. Green.

The petition is a lengthy one and since the parties disagree as to the nature of the suit which it discloses it is deemed necessary to set forth a more detailed statement of its allegations and prayer than would ordinarily be required. The allegations are in substance:

That Julia C. Green and William Green were husband and wife and were the parents of one child who was the aforementioned William D. Green; that William Green, the father of William D. Green and husband of Julia C. Green, died testate in the year 1927 leaving an estate consisting entirely of the community property of himself and the said Julia C. Green which was of the appraised value of $930,000.00 con-

sisting of various kinds of property including lands located in various parts of the state; that Julia C. Green declined to act as independent executrix of her said husband's will, and that William D. Green qualified as independent exectutor of the aforesaid estate of William Green and that his mother, Julia C. Green, appointed him her agent and attorney-in-fact with most comprehensive powers over her property— including the property which she had inherited from her parents which was around 1000 acres with a value of $50,000.00; that the said William D. Green managed the Green properties until he died in 1945; that during the term of said management he commingled the income from the various Green properties, and from the sale of some of said properties, and during said term there was no accounting between the said William D. Green and his mother.

That upon the death of William D. Green, defendant qualified as William D. Green's independent executor and continued to manage said properties until the death of Julia C. Green on May 30, 1946, during which period he rendered no accounting and upon the death of Julia C. Green defendant actively sought and obtained the appointment as temporary administrator of her estate and that he has all the records, books, accounts, etc., in his possession and will not permit same to be examined to determine the state of accounts between said estates.

That from the inheritance income tax return filed with the comptroller, plaintiff found that defendant reported that William D. Green left an estate of the net worth of approximately $840,000.00 and in said return showed the $20,000.00 promissory note as a liability of said estate and also showed a liability on open account to the William Green estate of approximately $20,000.00. That on August 23, 1946, defendant, as temporary administrator of the estate of Julia C. Green, filed an exhibit in the probate court in which he stated the total value of the entire estate left by Julia C. Green was only $209,943.88 and that such estate included 920 acres of land of the approximate value of $50,000.00 which she had inherited from her parents and which constituted no part of the community estate

owned by her and her husband at his death in 1927. That in exhibiting the $20,000.00 promissory note aforesaid as a liability of the William D. Green estate, defendant did not show same as an asset of the Julia C. Green estate, and when plaintiff requested defendant to collect same, defendant declined to do so, and replied that "others interested in the estate" had not agreed for him to recognize the promissory note as a liability of the estate of William D. Green.

In addition to the items which the plaintiff alleged that he discovered in which Julia C. Green had an interest and which her temporary administrator refused to recognize her interest, plaintiff alleged upon information and belief that there are other properties, claims and credits known to defendant which would constitute assets of the estate of Julia C. Green but which have not been inventoried or listed as such and defendant has refused and refuses to produce or disclose to plaintiff the books, records, and accounts in his possession relating either to the estate of Julia C. Green or William Green (in which Julia C. Green owned a one-half interest) or William D. Green which plaintiff believes and so alleges discloses obligations to the estate of Julia C. Green. Plaintiff alleged that defendant had disclosed that unless he was required to do so, he would not bring into the estate of Julia C. Green all of the estate's belongings thereto "thus, while this suit for an accounting and other relief should be brought by the temporary administrator of Julia C. Green, such suit manifestly will not and cannot be brought by the said Klett whose loyalty in the premises is not the undivided loyalty of the administrator to the estate but is a loyalty primarily to the cause and interest of Miriam Green. Under these circumstances, the said Klett in his capacity as administrator of the estate of Julia C. Green is brought in as a defendant and joined with the other defendants herein from whom an accounting is required in law: * * *". The prayer in the petition was for:

"(a) There be an accounting as to all sums and assets in the hands of Klett, either individually or as Independent Executor of the Estate of William Dickson Green, or in the hands of defendant, Miriam Green, which belong to the Estate of Julia C. Green, deceased, or in which said estate has an interest;

"(b) The indebtedness of the Estate of William Dickson Green to the Estate of Julia C. Green, whether evidenced by note or notes, open account or otherwise; whether evidenced by written evidence of obligation or determined upon an accounting, be reduced to judgment against the defendants herein in the capacity or capacities named;

"(c) That, as to any funds or moneys owned by Julia C. Green or in which she had an interest, which shall have been invested either by William Dickson Green or by E. L. Klett, as executor, in real estate or other property there be an accounting and a determination of the amount thereof;

"(d) That any and all resulting trust, of which the Estate of Julia C. Green shall be cestui que trust by virtue of investment or reinvestment of proceeds of sales of property in which she had an interest, be fixed and determined and her equitable interest be recognized by decree of this Court;

"(e) That the Court grant such other relief, general and special, legal and equitable, as may be met and just and appropriate in the premises, and for which plaintiff will ever pray."

As indicated above, with the permission of the court, plaintiff eliminated the aforestated paragraph "(d)" from his petition and from the prayer thereof and dismissed E. L. Klett as a defendant in his individual capacity, and dismissed Miriam Green (widow of William D. Green) as a defendant.

Plaintiff predicates his appeal upon the following points:

"I. The trial court erred in sustaining the plea of privilege.

"II. The trial court erred in sustaining the plea of privilege and in not overruling it, because venue in this case is fixed in Lavaca County, Texas, by reason of the $20,000 promissory note payable by its express written terms in Shiner, Lavaca

County, Texas, under subdivision 5 of Article 1995 and, in order to avoid multiplicity, of suits, the suit for an additional amount determinable upon an accounting was properly joined therewith in Lavaca County.

"(a) Where the personal representative fails or refuses to protect the estate in his trust by appropriate action to enforce a money demand, a beneficiary of the estate may institute an action against the debtor to effect collection.

"(b) When a beneficiary sues a debtor to establish an indebtedness in favor of the estate under which he claims, the personal representative of the estate sought to be protected is a necessary party to such action and, in this case, E. L. Klett, in his capacity as Temporary Administrator of the Estate of Julia C. Green, is a necessary party to this suit within the meaning of subdivision 29-A of Article 1995, R.S. 1925.

"(c) Venue being fixed by the provisions of the promissory note sued on, which was a written contract performable and payable in Shiner, Lavaca County, Texas, it was proper to join the action for a money demand due upon accounting with the suit on the note in order to avoid multiplicity of suits under the rule announced in Middlebrook et al. v. David Bradley Mfg. Co., 1894, 86 Tex. 706, 26 S.W. 935 and later cases following this decision."

We have set forth above what we deem an adequate statement of plaintiff's petition. We have, for the most part omitted the allegations relating to so much of the suit as was abandoned against Mrs. Miriam Green and against the defendant individually. The allegations are sufficient, if proved, to estabish the right in plaintiff to prosecute this case on his own behalf and on behalf of the other beneficiaries of the will of Julia C. Green. The general rule being that a suit on causes of action relating to the estate of a deceased must be prosecuted by the personal representative and not by the heirs, devisees or legatees. "In the following instances it has been held that the heirs, devisees or legatees may sue alone * * * (6) where the personal representative has neglected or refused to prosecute the suit;

* * *". 14 Tex.Jur. 298; Patton v. Gregory, 21 Tex. 513. The undisputed evidence established the right of plaintiff to prosecute the suit.

It is also the rule that in a suit by devisee under the will where the personal representative has refused to sue to enforce a debt due the estate entrusted to the personal representative's care, that such personal representative is a necessary party. 34 C.J.S., Executors & Administrators, § 738, page 765. Defendant was therefore a necessary party in his capacity as temporary administrator of the estate of Julia C. Green in this suit by plaintiff to enforce the payment of the $20,000.00 note, etc. It is also apparent that the defendant in his said capacity was a necessary party within the meaning of Subdivision 29a, Article 1995. If this suit was one on a promissory note, which was by its terms payable in Lavaca County, it was of course maintainable in Lavaca County, where it was brought. Citation of authority is not necessary, but we cite Petroleum Producers Co. v. Steffens, 139 Tex. 257, 258, 162 S.W.2d 698.

Plaintiff's entire suit was for the sum of the indebtedness, which it was alleged was a large amount and which William D. Green owed his mother when he died, a part of which was the note for $20,000.00. As we construe the allegation of plaintiff's petition, the suit was upon the note, and such additional amount as would be determined to be owed the Julia C. Green estate by the William D. Green estate after an accounting between the estates. The prayer must be construed in the light of the fact that paragraph "(d)" thereof was eliminated and that defendant, in his individual capacity, and Mrs. Miriam Green, were dismissed from the suit during the proceedings. It is now well settled that the rule against a multiplicity of suits applies to an action brought by a plaintiff on a contract in writing performable in a county in which the suit is brought, so that, if the plaintiff joins a cause of action to his suit on the note, which ought to be so joined in order to avoid a multiplicity of suits, proper venue is in the county where the suit is brought. That is, of course, unless the cause of

action so joined is one that must be brought in a particular county, such as is provided by Subdivision 14, Article 1995. Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935; Warner v. Gohlman, Lester & Co., 117 Tex. 145, 298 S.W. 890. In our opinion, plaintiff's suit was upon the note which was by its terms payable in Lavaca County and for the additional amount as the William D. Green estate owed the Julia C. Green estate, as determined upon an accounting, and the court erred in sustaining defendant's plea of privilege.

The appellee urges two counter points. The first one being in substance:

That plaintiff's petition does not present a suit upon a promissory note, but in effect alleges a proceeding which is "a suit in equity for accounting" in which the indebtedness, if any, evidenced by the note is but one of many alleged debits and credits incidently involved in obtaining and striking a final balance in plaintiff's suit for an accounting and that therefore, since the "main purpose" of the said proceeding is to obtain such an accounting the venue is determined by Article 1995 of the statute reserving to the non-resident defendant the valuable right and privilege of being sued in the county of his residence. And the second point is:

That, if mistaken as to the "main purpose" of plaintiff's suit, yet nevertheless the "suit involves a disputed issue of title" to various lands situated outside Lavaca County and therefore the non-resident defendant has a statutory right under subdivision 14, Article 1995 to have the suit transferred to the county in which the land is situated.

■ We think that allegations of plaintiff's petition as to the note can only be construed as a suit thereon. Plaintiff alleges in his petition among other things "At the time of his death, William Dickson Green was indebted to his mother, Julia C. Green, in a large amount, the exact amount thereof being unknown to plaintiff but well known to defendants; that a part thereof was in the sum of Twenty Thousand Dollars ($20,000.00), together with interest thereon at the rate of 6% per annum from August 20, 1943, payable to the order of Mrs. Julia C. Green at Shiner, Texas, all as evidenced by a promissory note of that date, which, at the time of his death, he was holding as agent of his mother, and which note reads in words and figures as shown in the 'exhibit A' * * *". Plaintiff's suit is also for the purpose of determining by an accounting the "large amount" which William D. Green was indebted to his mother when he died, part of which was the sum of $20,-000.00, and to recover in addition to the amount of the note, the amount determined from the accounting to be owing to the Julia Green estate from the William D. Green estate. Plaintiff nowhere seeks to obtain any interest in any land or to obtain any interest in any property, as will be seen from the prayer which is set out above.

The Supreme Court gave no elaborate opinion in the Middlebrook case cited above. And the Middlebrook case was followed in Warner v. Gohlman, Lester & Co., supra, and in Stevens v. Willson, supra, without any attempt to expound the basis of such holding other than that the principle of avoiding a multiplicity of suits applied to suits filed on contracts in writing performable in a county named therein. Judge Fly undertook to explain the holding in Shafer v. Brashear, Tex.Civ.App., 274 S.W. 229 and Judge Bond undertook to do so in Republic Insurance Company v. Walters, Tex.Civ.App., 88 S.W.2d 726 and we consider said expositions very enlightening.

■ The matter of venue is regulated by statute. The public policy with respect thereto is declared in Article 1995 in these words "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile, except in the following cases". However, the exceptions set out in Article 1995 also state the public policy of the State insofar as it applies to the matters covered by the exceptions. The venue statute was enacted, of course, in the light of the supervening public policy with respect to litigation which requires that litigants should avoid multiplicity of suits. This public policy with respect to avoiding a multiplicity of

suits was thus stated in the early case of Clegg v. Varnell, 18 Tex. 294, 304, where it was said "The rule against multiplicity of suits has peculiar force in our system of procedure. Within reasonable limits it is the cardinal principle as to joinder of parties and causes of action. Even jurisdictions which are distinct and separate in other states, are blended in our system; and legal and equitable causes of action and grounds of defense may be adjusted in a single controversy". Judge Stayton, speaking for the Supreme Court in the Middlebrook case, based the ruling there made in part on the Clegg case just quoted from. Judge Stayton well knew that the matter of venue was regulated by statute, and he obviously construed subdivision 5 as having been intended by the legislature to operate in conjunction with the rule against multiplicity of suits. That is to say, he construed the intention of the legislature in enacting subdivision 5, as carrying with it the supervening public policy against a multiplicity of suits, in that the legislature did not express the intention that same should not apply thereto. The public policy against a multiplicity of suits is so firmly fixed, that in the absence of an intention expressed by the legislature to the contrary, it will not be assumed that the legislature intended to repeal the rule as against multiplicity of suits in connection with subdivision 5. Of course, by necessary implication it could not be considered that the legislature intended that a subdivision such as No. 14, where suit must be brought in a particular county could be joined with a suit upon a contract in writing performable in the county named in writing, and suit held in such county under the rule against multiplicity of suits. The rule would work the other way, and carry the suit on the written contract to county of the must exception.

It being clear that plaintiff's suit was brought in the county where the note sued on was payable, and it being clear that plaintiff's suit did not involve a disputed issue of title, it is clear that, under the rule avoiding a multiplicity of suits, the suit was maintainable in Lavaca County against defendant's plea of privilege.

The judgment of the trial court is reversed and judgment here rendered overruling defendant's plea of privilege.

Reversed and rendered.