HAWKINS et al. v. SCHROETER et al.

No. 11834.

Court of Civil Appeals of Texas.
San Antonio.

June 16, 1948.

Guittard & Henderson, of Victoria, for appellants.

T. A. Graves, of Cuero, for appellees.

NORVELL, Justice.

The trial court overruled a plea of privilege and the defendants below contend that this was error, insofar as the claims for damages asserted on behalf of the minors Rosie Schroeter and Perry John Schroeter are concerned. Exception 9, of Article 1995, Vernon's Ann.Civ.Stats., relating to "a suit based upon a crime, offense, or trespass," is involved.

This action was brought by H. O. Schroeter, Olivia Schroeter, his wife, and their children Rosie Schroeter and Perry John Schroeter, as plaintiffs. The last two persons named are minors, twelve and two years of age, respectively, and sued by their father as next friend.

The defendants remaining in the case at the time the plea of privilege was heard were J. C. Hawkins, a resident of Dallas County, and W. R. Roy, an employee of Hawkins, who resided in Jim Wells County. Roy indicated that if Hawkins' plea were granted, a change of venue to Dallas County would be satisfactory to him.

The Schroeters were residents of Nolan County, Texas. About ten o'clock on the night of August 11, 1947, a truck owned by Hawkins and being driven by Roy collided with an automobile in which Schroeter, his wife and five children were riding. Three of the children were not named as plaintiffs below. The collision took place in DeWitt County where the suit was filed.

Schroeter testified that he was taking his wife and family to DeWitt County to attend the funeral of his father, and while driving his car on his right-hand side of the road—about forty or forty-five miles an hour, he met the Hawkins truck traveling in the opposite direction. The driver of the truck drove his vehicle over the center line of the highway and onto his, Schroeter's side of the road. The bright headlights of the truck were then suddenly turned up, blinding Schroeter, and the truck hit the automobile. Schroeter was positive that the truck had been driven over the center line of the road, and there is no question raised as to the sufficiency of the evidence to show a trespass insofar as H. E. Schroeter and Olivia Schroeter are concerned.

Upon direct examination of H. O. Schroeter as a witness, inquiry was made as to the extent of Schroeter's injuries, mental and physical pain and suffering, hospital bills, loss of earning capacity, etc. The examination was so extensive along these lines that when Schroeter was asked about the value of this automobile, the trial judge intervened and requested counsel to "bear in mind this is merely a hearing on the pleas of privilege."

Mrs. Olivia Schroeter corroborated her husband's testimony to the effect that the truck was being driven over onto the left-hand side of the road.

Probably as a result of the trial court's admonition, counsel for appellees asked only two questions as to Mrs. Schroeter's injuries, viz.:

"Q. Were you injured? A. Yes, sir.

"Q. What did they do to you? What injuries did you sustain? A. The wounds was my head and right leg."

Upon cross-examination, no objection being made by the opposing attorney and the trial judge not intervening, Mrs. Schroeter was questioned at length in regard to the nature and extent of her injuries.

The evidence shows that the Hawkins truck was a tractor and trailer outfit of a type used for transporting extremely heavy equipment, such as oil well drilling machinery, etc. The truck bed was about eight feet in width and at the time of the collision was loaded with oil field tool house which contained some drilling mud and drilling tools. This house was of approximately the same width as the truck bed. One witness described the truck as having "a pretty good load."

A photograph of the Schroeter automobile was introduced in evidence. It speaks eloquently of the force of the impact with the heavy truck. The car is almost a total wreck; the radiator and grill twisted, the

axle wrenched out of shape, the left front wheel buckled under, the left front fender completely crumpled, the left front door battered loose from its hinges and the left rear door literally torn apart and into pieces.

The evidence shows that the children, Rosie Schroeter and Perry John Schroeter, were riding in this automobile at the time it was damaged to the extent above described. From the evidence, the trial judge could properly conclude that immediately prior to the collision said automobile was being driven in a proper manner within an area where it had a legal right to be—on the right-hand side of the highway.

The petition alleges that Rosie "was thrown about and jostled and one of her eyes was injured and she was bruised about the body, etc." and that Perry John "was thrown about and jostled and his collar bone was broken and his body was bruised, etc."

However, upon the taking of evidence, no inquiry was made as to whether or not Rosie or Perry John had been bruised or hurt. This failure is made the basis of appellants' demand that the order appealed from be reversed insofar as the actions for damages sustained by Rosie and Perry John are concerned. In other words, it is contended that while the case as to Mr. and Mrs. Schroeter can be tried in DeWitt County, the case as to their children, Rosie and Perry John, must be tried in Dallas County, despite the fact that all claims for damages arose out of the same collision.

We overrule this contention. It is stated in Texas Jurisprudence, that "Damages for personal injuries to either the husband or the wife, when recovered belong to the community gains, because the services of both husband and wife belong to that estate. * * * So, damages recoverable by the parents for injury to, or death of, a child are community property where such child is a minor. This is true because it is compensation for the loss of services of such minor, and such services belong to the community." 23 Tex.Jur. 130, § 106, Title Husband and Wife.

If we consider the claims for damages by reason of injuries sustained by Mr. Schroeter, Mrs. Schroeter, Rosie Schroeter and Perry John Schroeter as separate actions, rather than as separate items of damage accruing in the same action, then such actions, having all arisen out of the same collision, are properly joined under the rule intended to avoid a multiplicity of suits.

We again quote from Texas Jurisprudence as follows:

"Although there has been some confusion in the Texas decisions, the rule now appears to be settled that where two or more causes of action are properly joined venue as to one of them will confer venue as to the other although in the absence of such joinder the defendant might have insisted on the trial of one of the causes in the county of his residence. * * *" 43 Tex. Jur., Title Venue, 771, § 51.

In Boyd v. San Antonio Nat. Bank, Tex. Civ.App., 171 S.W.2d 375, 376, this Court said:

"It seems to be well settled that if a plaintiff has a cause of action against a defendant properly maintainable in a certain county by reason of some exception contained in Article 1995, he may maintain a second cause of action against said defendant in the same suit in the county selected, although the second cause of action if asserted in a separate suit could not be so maintained under the venue statutes. This is true not by reason of the wording of any particular exception to Article 1995, but solely because of the rule of public policy designed to avoid a multiplicity of suits. Middlebrook & Bro. v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935; Warner v. Gohlman, Lester & Co., 117 Tex. 145, 298 S.W. 890."

See also Sabens v. Smith, Tex.Civ.App., 118 S.W.2d 324; Hunt v. Wroe, Tex.Civ. App., 129 S.W.2d 768.

Under the authorities above referred to, it follows that the claim for damages for injuries sustained by Rosie and Perry John Schroeter may be properly tried upon the merits along with the claims for damages resulting from injuries sustained by their parents. This is true even if it be considered that the evidence upon the plea of privilege hearing failed to show

that Rosie and Perry John had been "injured."

We are not, however, in agreement with appellants' contention in this regard. The evidence is sufficient to support a finding that Rosie and Perry John were "injured" and upon this holding the order of the trial court may also be sustained.

In the presentation of their argument, appellants cite Waco Cotton Oil Mill of Waco v. Walker, Tex.Civ.App., 103 S.W.2d 1071, 1072, wherein it was said that:

"The venue article of our Revised Statutes relied on by appellee to show his right to maintain this suit in Hill County is, in part, as follows: 'A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense or trespass was committed.' R.S. Art. 1995, Subd. 9 [Vernon's Ann.Civ.St. art. 1995, subd. 9]; 43 Tex.Jur. p. 734 et seq., § 21 et seq. The gist of a trespass is the doing of an unlawful act or the doing of a lawful act in an unlawful manner to the injury of the person or property of another. 41 Tex. Jur. p. 410; Texas Auto Co. v. Clark, Tex. Civ.App., 12 S.W.2d 655, 657, par. 6. The commission of a trespass therefore necessarily involves an actor and injury or damage done by him to the person or property of another resulting from his action. * * To sustain venue in a county other than the residence of the defendant on the ground that the cause of action asserted is based on a trespass, the plaintiff must show that the act complained of was committed in the county where such suit is pending, and that it was of such a nature as to constitute a trespass. Proof of the fact of the commission of trespass is as essential as proof of the place where it was committed. Such proof must therefore include evidence of each element of the trespass and must be such as would support a finding by the jury for the plaintiff on the issue."

Cases in which similar holdings are expressed are likewise cited, such as City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466; Tunstill v. Pacific Mid-Continent Corporation, Tex. Civ.App., 142 S.W.2d 594; Prince v. Miller, Tex.Civ. App., 131 S.W.2d 1077; and Texas Farm Products Co. v. Johnson, Tex.Civ.App., 190 S.W.2d 178.

We are not in disagreement with the cases cited. We do, however, disagree with appellants' conception of the term "injury," which they seemingly regard as meaning (when applied to the person) a broken bone, a skinned nose, or some similar physical injury.

In Black's Law Dictionary (3d Ed.) the verb "injure" is thus defined: "To violate the legal right of another or inflict an actionable wrong (p. 965)." The noun "injury" is defined as "any wrong or damage done to another, either in his person, rights, reputation or property."

It is conceded that the amount of pecuniary damages sustained as the result of the injury, the extent of the injury, in other words, is not a venue fact, nor an element of a venue fact. Therefore, all a plaintiff needs to show in order to maintain venue is that a legal right of his has been violated as a result of a particular class or kind of wrongful act. This is a "trespass case" and it may be well to examine a few fundamentals.

In Texas Jurisprudence it is said that:

"While the courts do not concern themselves with immaterial injuries—the maxim being de minimis non curat lex—yet an action which is based upon a trespass is maintainable without regard to the amount of actual damage resulting from the defendant's act. However inconsiderable the injury which his conduct has occasioned, a presumption will be indulged that some damage has been done thereby. 'The right to a recovery of damages for trespass cannot be denied, however inconsiderable the injury. The cause of action exists, though the damages may be nominal.'" 41 Tex. Jur., Title Trespass, p. 423, § 12.

In American Jurisprudence it is said that:

"From every direct invasion of the person or property of another, the law infers some damage, without proof of actual injury; hence in an action of trespass the plaintiff is always entitled to at least nominal damages even though he was actually benefited by the act of the defendant." 52 Am.Jur., Title Trespass, p. 872, § 47.

The "trespass" of the venue statute refers to a class of actions and certain-

ly embraces the common law action of trespass. Hill v. Kimball, 76 Tex. 210, 13 S.W. 59, 7 L.R.A. 618; Ricker, Lee & Co. v. Shoemaker, 81 Tex. 22, 16 S.W. 645; Thomas v. Meyer, Tex.Civ.App., 168 S.W. 2d 681.

From the record of the evidence before us it appears that a case of trespass for at least nominal damages was made out in behalf of Rosie and Perry John Schroeter. Brown v. Bridges, 70 Tex. 661, 8 S.W. 502. This is sufficient for venue purposes. "When a trespass is shown, triable in the county where the suit is brought, the extent of the injury sustained by the plaintiff is immaterial." 43 Tex. Jur., Title Venue, p. 845, § 109.

We hold the trial court properly overruled the plea of privilege and the order appealed from is affirmed.