416

SOUTH PLAINS TELEPHONE COOPERA-
TIVE, Inc.

v.

W. A. PAINTER et al.

No. 6439.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 1, 1954.

McWhorter, Howard, Cobb & Johnson, Lubbock, for appellant.

Chas. H. Dean, Plainview, for appellees.

PITTS, Chief Justice.

This is a venue action arising as a result of a suit filed seeking a mandatory injunction or damages in the alternative. It was filed by W. A. Painter and 22 other residents of Hale County, Texas, as appellees herein, against appellant South Plains Telephone Cooperative, a corporation, with its office and principal place of business in Lubbock, Lubbock County, Texas. The action was heard by the trial court without a jury on March 31, 1954, and judgment was rendered on May 3, 1954, overruling appellant's plea of privilege seeking to have the main suit transferred to Lubbock County, from which judgment an appeal has been perfected. The record reveals no findings of fact or conclusions of law filed and none requested.

In their controverting affidavit, appellees alleged that, beginning with the spring of 1951, they were under contract with T. A. Singer, who agreed to furnish and maintain telephone service to each of them if they would each pay the installation charges and a monthly fee of $2.88 for services, which sums they each had consistently paid for such services; that thereafter on or about August 30, 1952, appellant, without consulting appellees, entered

into a written contract with T. A. Singer to purchase the Singer equipment for furnishing the telephone services to appellees and such contract was consummated on or about December 11, 1952; that Section II of the contract provided that:

"There shall be no general assumption by Purchaser of Seller's liabilities, but Purchaser shall on the closing date assume Seller's obligations to be performed subsequent thereto under all subscriber service contracts, right-of-way, and governmental licenses, franchises, ordinances and permits included in the System.";

that thereafter on or about October 12, 1953, appellant sought by written notice to collect from each appellee a $45 equity deposit, together with a monthly membership fee of $5, in order to have the telephone services continued; that appellees have each paid the monthly service charges required by appellant but have refused to pay the "equity deposit" for the reason that such a requirement is contrary to the terms of the original contract with T. A. Singer, the performance of which terms appellant had assumed, and for the further reason that such is contrary to law and to the State and Federal Constitutions; that regardless of the vested rights appellees have held for several years in the telephone system and their rights for services thereof by having paid the installation charges and all monthly dues, appellant, through its servants, agents and employees, has disconnected appellees' telephone services and has prevented the same by cutting some of appellees' telephone lines in violation of the provisions of Article 1334 of the Penal Code of Texas; that by reason of appellant's conduct, appellees have been damaged and are entitled to have their status quo restored; that by reason of appellant's acts through its agents, servants and employees, it has committed an offense against the State Penal laws and a trespass in Hale County within the meaning of the provisions of Exception 9 of Article 1995, Vernon's Annotated Civil Statutes as recently amended so as to give venue of the main suit in the said county; that the district court in Hale County also has venue because of the provisions of Exception 23 of Article 1995, since appellant is a private corporation and the material parts of appellees' cause of action arose in Hale County.

Appellant has joined issues with appellees and has presented 4 points of error. It first contends that Tom Bostic, one of the appellees, was not present for trial and did not testify, for which reason the case, as to him at least, should be transferred to Lubbock County. The record reveals that Marvin A. Johnston, manager of the South Plains Telephone Cooperative, Inc., appellant herein, and John Norfleet, one of appellees, testified and it was agreed that all the other appellees were present and would testify substantially as did the witness Norfleet, except appellee Tom Bostic who was not present and the record reflects no reason for his absence.

The witness Marvin A. Johnston testified that the appellee Tom Bostic was one of the patrons, along with all other named appellees, who was using the telephone system, lines and other equipment owned by T. A. Singer at the time of the purchase of the same by appellant from Singer and that each of the appellees was receiving telephone service by the use of such equipment when appellant acquired the same from Singer; that Singer had built the lines and had begun operation early in 1951; that appellant entered into the purchase contract in question with T. A. Singer on or about December 12, 1952; that most of the lines and other equipment thus acquired were located in Hale County and that the same did not traverse any city of a population of more than 1500; that appellant assumed Singer's obligations for service to all subscribers in accordance with the provisions of Section II of the contract, which section was pleaded by appellees and was introduced as evidence; that appellees were each requested by written notice on October 12, 1953, from appellant, to pay a $5 membership fee and to make a deposit of $45 with appellant as an

equity deposit in order to have the services continued, and a copy of the said notice was introduced as evidence; that appellees did not make the required deposit for which reason their telephone services were discontinued respectively on or about February 1, 1954, although none of them was in arrears in payment of their service charge or toll calls; that some of the phone services were discontinued at the central office while others were discontinued by actually cutting the telephone lines; that the company linemen who cut the telephone lines of appellees did so under the instructions of appellant; that the said telephone lines were cut by appellant's employees in Hale County.

The testimony of John Norfleet corroborates most of that given by Marvin A. Johnston, particularly with reference to the establishment of the telephone service provided by T. A. Singer for the use of appellees, the fees for such service, the sale of equipment to appellant under contract, and the services it gave, the demands made by appellant upon appellees, appellees' acceptance of the requirement for higher monthly dues but refusal to make equity deposit with appellant, which resulted in a discontinuance of phone service by appellant which, through its agents, servants and employees, cut some of the telephone lines. Norfleet also testified that appellees had an agreement with T. A. Singer to furnish them telephone service so long as they paid their monthly telephone bills; that he did not know appellant had bought the Singer equipment until he received the said notice from appellant on October 12, 1953; that his telephone was disconnected about February 1, 1954, since which time he has had no telephone service; that his telephone line and the lines of appellees Glenn Phillips and Mr. Phillips were cut; that he is a farmer in Hale County and often used the telephone for business purposes; that by reason of his telephone having been disconnected by appellant it had then cost him at least $500 extra expense to operate his farm and the business matters connected therewith; that he was ready, willing and able to pay all reasonable monthly charges for telephone service and toll calls.

It was agreed that all other appellees except Tom Bostic were present and would have testified substantially as John Norfleet did except that appellee W. H. Hall would have further testified that he saw some of appellant's employees cut some of the telephone lines. It would therefore appear that each of the said witnesses would have testified to the effect that he had been damaged at least $500 for a period of two months, being from date February 1, 1954, when the telephone service was discontinued, until March 31, 1954, the date the trial was conducted.

According to the testimony of Marvin A. Johnston, appellant's manager, supported by that given by appellee Norfleet, whose testimony would have been fully corroborated by all other appellees present, the alleged cause of action of Tom Bostic was the same as that of all other appellees and they were all properly joined for venue purposes in the same county. They should all be so tried, at any rate, in order to avoid a multiplicity of suits if for no other reason. Hawkins v. Schroeter, Tex.Civ. App., 212 S.W.2d 843; Dickson v. Klett, Tex.Civ.App., 211 S.W.2d 381. In the last case cited, the rule in question was announced with approval but venue was held in Lavaca County because the nature of the suit required it to be brought in that particular county.

Exception 9 of Article 1995 as amended provides that a suit based upon a crime, offense or trespass may be brought in a county where such crime, offense or trespass was committed by the defendant or by his agents or representatives. In the case of Texas Auto Co. v. Clark, Tex.Civ. App., 12 S.W.2d 655, 657, the Court said:

"The gist of a trespass is the doing of an unlawful act, or the doing of a lawful act in an unlawful manner, to the injury of the person or property of another. Carter v. Haynes (Tex.Civ. App.) 269 S.W. 216, 220, pars. 7 and 8,

and authorities there cited; Brooks v. Hornbeck (Tex.Civ.App.) 274 S.W. 162, 163, 164, and authorities there cited."

In the case of Hawkins v. Schroeter, supra [212 S.W.2d 846], the court said in a case such as this,

"* * * all a plaintiff needs to show in order to maintain venue is that a legal right of his has been violated as a result of a particular class or kind of wrongful act."

In our opinion, the trial court was justified, under the record presented, in finding and concluding that a trespass was committed in Hale County, Texas, against appellees by appellant, for which reason the said county had venue. Sherrod v. Bird, Tex. Civ.App., 155 S.W.2d 422; Bowers v. Bingham, Tex.Civ.App., 159 S.W.2d 576; Chicago Bridge & Iron Co. v. Bailey, Tex. Civ.App., 44 S.W.2d 452.

Article 1334 of the State Penal Code makes it a punishable offense against the State of Texas for any person to intentionally break, cut, pull or tear down or injure any telephone wire or post or any necessary appurtenances to any such wire or to in any way willfully obstruct or interfere with the transmission of messages along such telephone line. In our opinion, the trial court was justified in finding and concluding under the evidence heard that appellant's agents and employees had violated such law in Hale County, Texas, under the instructions of appellant, for which reason venue should be maintained in Hale County, Texas.

Exception 23 of Article 1995 provides in part that a suit may be brought against a private corporation in the county where a cause of action or a part thereof arose. The evidence conclusively shows that appellant was a private corporation and it further reveals conclusively that appellees all lived in Hale County; that practically all of the telephone equipment was in Hale County and that most, if not all, of the alleged cause of action arose in Hale County. The trial court was there-fore justified in finding and concluding that venue was established in Hale County for these reasons.

A careful examination of the facts and the law governing such reveals that the trial court was justified in overruling appellant's plea of privilege. Appellant's points to the contrary are therefore all overruled and the judgment of the trial court is affirmed.