**A. J. ROBERTS et al., Appellants,**

v.

**C. Hobson DUNN, Appellee.**

No. 17067.

Court of Civil Appeals of Texas.

Dallas.

Feb. 23, 1968.

Rehearing Denied March 22, 1968.

Waller M. Collie, Jr., J. Dan Bohannon, of Burford, Ryburn & Ford, Dallas, for appellants.

John L. Hauer, of Akin, Gump, Strauss, Hauer & Feld, Dallas, for appellee.

BATEMAN, Justice.

Venue only is involved here. The appellants A. J. Roberts and Logan Ford sued appellee C. Hobson Dunn for certain attorneys' fees and Dunn filed a plea of privilege to be sued in Denton County, Texas, where he resides. The trial court overruled the plea as to Roberts' cause of action and sustained it as to that of Ford. The appellants appeal from the latter ruling.

Appellants alleged a joint cause of action for legal services jointly performed by them, pursuant to verbal agreements and a letter dated March 29, 1963, signed by appellee and hereinafter quoted. For these services they demand $13,000. Roberts sued on a separate cause of action alleging that Dunn owed him $25,578.37 for services rendered by him alone in an entirely different matter.

It was shown without dispute at the venue hearing that Roberts was first employed by Dunn in connection with the defense of himself and another in a certain suit filed in federal court against them and others by Progressive Transportation Company; that Roberts wrote Dunn a letter telling him that on account of his health another attorney would have to be employed to assist him; that in response thereto Dunn came to his office and discussed with him the employment of Ford or another well known trial lawyer, and Dunn expressed a preference for Ford; that on or about March 29, 1963 Dunn, Ford, Mrs. Roberts and Roberts were present in the latter's office when Ford dictated, Mrs. Roberts typed, and Dunn signed, a letter of that date, addressed to Roberts, which, after reciting the number and style of the suit, is as follows:

"This authorizes you to represent John H. Schumacher, Jr. and me in the defense of the above cause and all expenses and counsel charges in the defense of said cause will be paid by me, in Dallas."

Both appellants controverted Dunn's plea of privilege on the ground that the exception to exclusive venue in the county of the defendant's residence found in subdivision 5, of Vernon's Ann.Civ.St., Art. 1995, was applicable because of the agreement contained in the above letter. Dunn concedes that the letter provides a proper basis for the order overruling his plea of privilege so far as both of Roberts' causes of action are concerned, but contends that said letter is insufficient to defeat his plea of privilege as to Ford's cause of action. The trial court so held and in doing so, we think, committed error.

Dunn concedes that Roberts' separate cause of action, which is not based on a written contract performable in Dallas County, is also maintainable in that county because of the rule against multiplicity of suits announced in Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935 (1894), and followed in many cases since then.

However, we have not found a decision by any Texas appellate court passing on the identical question presented here. It is our conclusion that, since the pleadings and evidence show that the first cause of action sued on is in reality a joint one asserted jointly by the two plaintiffs, it was contemplated by the parties that the letter of March 29, 1963, though addressed only to Roberts, contained Dunn's agreement to pay the entire fee in Dallas, not just Roberts' part of it. Dunn knew of Ford's association in the case by Roberts at the time he signed the letter, but he did not restrict his agreement to the payment of only Roberts' part of the fee. Instead, he agreed to pay *"all* expenses and counsel charges" in Dallas.

Dunn's counsel attempted to show by Roberts' testimony on cross-examination that the claim was in reality two claims, that Roberts had a claim for the number of hours he had worked on the case and that Ford had a separate claim for the time he had worked on the case, but all Roberts testified was that his books would reflect the

number of hours each of them worked on the case, and that he believes it is correct to say that if Ford spent two hours on a certain matter, and he, Roberts, spent eight hours, they were asking to be paid for ten hours of legal work. However, there was no evidence of any agreement between them as to how the total fee, regardless of how it was arrived at, was to have been divided between them. The effect of Roberts' testimony as a whole shows clearly, we think, that he and Ford were suing jointly for one fee to which they claimed they were entitled without disclosing what separate interest each of them may have had in it. That being true, the cases relied on by appellee, holding that multiple plaintiffs suing on separate claims are not necessary parties to each other's suit and that the "Middlebrook doctrine" is not applicable to such a situation, are not in point.

It was not necessary for Ford's name to be mentioned in the letter, or for him to have signed it, for it to apply to his part of the joint cause of action asserted. Taylor Const. Co. v. Clynch, 196 S.W.2d 700 (Tex. Civ.App., Amarillo 1946, no writ). It was an instrument in writing recognized by all three parties as applying to "all expenses and counsel charges in the defense of said cause," which would under the circumstances include the charges for Ford's services as well as Roberts'.

 Not only do we think Dunn contracted in writing to pay the entire fee in Dallas County, but we think the rationale of Middlebrook v. David Bradley Mfg. Co., supra, also applies. If the policy of the law requires a plaintiff having multiple claims against the defendant to sue on all of them in one action, to avoid a multiplicity of suits, then in our opinion that same public policy would require multiple plaintiffs owning jointly one indivisible claim to sue thereon in one action. It would be just as desirable to avoid a multiplicity of actions in the latter situation as in the former. See Dickson v. Klett, 211 S.W.2d 381 (Tex.Civ. App., Galveston 1948, mand. overr.) ; Fos-

ter v. Gulf, C. & S. F. Ry. Co., 91 Tex. 631, 45 S.W. 376 (1898) ; Shafer v. Brashear, 274 S.W. 229 (Tex.Civ.App., San Antonio 1925, no writ) ; Hawkins v. Schroeter, 212 S.W.2d 843 (Tex.Civ.App., San Antonio 1948, no writ) ; Compton v. Rahl, 94 S.W. 2d 194 (Tex.Civ.App., Austin 1936, no writ) ; South Plains Telephone Cooperative v. Painter, 278 S.W.2d 416 (Tex.Civ.App., Amarillo 1954, no writ).

Since Roberts admittedly had the right to sue on this joint claim in Dallas County, and since the public policy, as announced in the above cited cases, requires the entire controversy to be litigated in one proceeding in one court, the trial court should have overruled Dunn's plea of privilege in its entirety.

For the reasons given, the judgment appealed from is reversed and here rendered overruling the defendant Dunn's plea of privilege as to the entire cause of action asserted by both appellants. The costs are taxed against the appellee.

Reversed and rendered.