Clyde Alfred BURRIS, Appellant,

v.

A. V. WILSON, Appellee.

No. 7198.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 26, 1962.

Rehearing Denied Jan. 7, 1963.

of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries."

The parties will be referred to as in the court below; viz., as plaintiff and defendant.

Plaintiff, Clyde Alfred Burris, brought suit in Ochiltree County against A. V. Wilson seeking to recover damages allegedly sustained in an automobile collision on April 13, 1960, in said county between his son, James Clyde Burris, and defendant, A. V. Wilson. The latter filed his plea of privilege to be sued in Hale County, the county of his residence. Plaintiff controverted and invoked the exception to exclusive venue above quoted.

The venue action was tried in the county court without the services of a court reporter and a Statement of Facts was agreed upon by attorneys for the parties. Such Statement of Facts concerning the collision show that 'A. V. Wilson drove his automobile from a private driveway of a farmhouse onto the section line road on which James C. Burris was driving from the south in a northerly direction and "that James Clyde Burris swerved the plaintiff's car to the left in an attempt to avoid colliding with defendant's automobile, but that *a very slight collision of the two automobiles occurred. Defendant's automobile received*

---

Ray & Knudtson, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellee.

CHAPMAN, Justice.

This is an exception 9a venue case. The exception provides:

"A suit based upon negligence per se, negligence at common law or any form

*no damages from this collision."* All emphases herein are ours.

The Statement of Facts goes on to say that the Burris automobile proceeded on down the barrow ditch for some distance, hit a culvert, then swerved onto and across the roadway and came to a rest upon the roadway.

The trial court in his order sustaining venue recited that the court " * * * is of the opinion that an act or omission of negligence occurred in the county where suit was filed; that such act or omission was that of the defendant in person; but that there was no evidence of any damage suffered by plaintiff as a proximate cause of the collision in question, * * * " We have very carefully checked the 2½-page Statement of Facts and find not one word of evidence of any damage suffered by plaintiff as a result of the collision in question. No personal injuries were pleaded but only damages to the automobile were alleged.

■ Section 9a of Article 1995 Vernon's Ann.Tex.Civ.St. recites specifically *the venue facts necessary for plaintiff to establish in order to sustain venue in a county other than the county of defendant's residence.* It appears axiomatic from a reading of the venue exception above quoted that *one seeking to sustain venue under such exception must prove that he sustained some injury* or else it would be impossible to sustain the burden of the third requirement of Section 9a to the effect that the defendant's negligence was a proximate cause of *plaintiff's injuries.* Petrey et al. v. Williams et al., Tex.Civ.App., 312 S.W.2d 383.

Additionally, it has been held " * * * it is necessary, in order to maintain venue under * * * Sec. 9a of art. 1995 to prove * * * negligence per se, negligence at common law, or any form of negligence, active or passive, * * * *for*

*which a civil action for damages will lie;"* [1] in other words, actionable negligence. A civil action for damages will not lie unless some damages are proven. As shown above, the Order Sustaining Defendant's Plea of Privilege recites the court found against plaintiff on the issue of damages. This finding we are obligated to uphold under the record here if there are any grounds to support it.[2] Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97. Actually, there is not *any* evidence of damages in the testimony, which shows "a very slight collision of the two automobiles occurred." Accordingly, plaintiff's first point is overruled.

■ In point two plaintiff asserts error of the trial court in refusing to reopen the venue hearing for the purpose of permitting the plaintiff to prove damages suffered by him as a proximate cause of the collision. The Statement of Facts reflects the following:

"After the Plaintiff had presented his evidence, oral arguments were made by Counsel for the Plaintiff and Defendant, respectively, and Plaintiff made his closing argument. Counsel for Defendant argued that his Plea of Privilege should be sustained for the reason that Plaintiff had failed to prove any damage. Plaintiff, in his closing argument, argued that he had no burden to show any damage but that he felt the evidence had shown damage to Plaintiff. After the Plaintiff's closing argument, the Court then inquired if Defendant's Counsel had any authority for the proposition which he urged, and directed said Counsel to present some authority therefor. Court was in recess for a period of approximately one hour while Counsel and the Court researched the law on the question involved. Thereafter, the Court was then reconvened and the Court announced that the law was in favor of the Defendant and

---

1. Process Engineering Company of Fort Worth v. Rosson, Tex.Civ.App., 287 S. W.2d 511.

2. The question of the great weight and preponderance of the evidence is not raised in the case.

against the Plaintiff and that Defendant's Plea of Privilege would be sustained, and requested Counsel to draw an order reflecting his ruling. Counsel for Plaintiff then requested leave of the Court to reopen the case and to recall James Clyde Burris to the witness stand and to put on additional evidence of the damages sustained by Plaintiff."

Thus, it appears obvious from the record that it was not until after the arguments were made and the trial court had rendered his judgment that counsel for plaintiff requested leave of the court to reopen the case.

Rule 270 Vernon's Ann.Tex.Rule, provides in part as follows: "At any time the court may permit additional evidence to be offered where it clearly appears to be necessary to the due administration of justice."

The word "may" indicates it is discretionary with a trial court as to whether he will reopen a case to admit additional evidence. Our courts have held it to be discretionary. Mosesman et vir. v. Robertson et al., Tex.Civ.App., 301 S.W.2d 279.

Here we have a case where plaintiff had tried his venue question under the theory that he had proved all that was necessary. In defendant's argument counsel had suggested to the court that plaintiff had not proved a necessary element under Section 9a in order to retain venue outside the county of his residence; viz. any damage. Counsel for plaintiff argued to the contrary, that he did not have to prove damages but that he had done so. Then after the arguments were concluded, the court asked counsel for plaintiff if he had any authority for his contention. He did not so the court and counsel spent an hour researching the law on the question. After doing so, the court then rendered his judgment for defendant and ordered the case transferred to Hale County, the county of defendant's residence. It was only then that plaintiff made a request to reopen the case.

From this record we have no abuse of discretion shown. In the first place the proposed evidence would have been at variance with the theory on which plaintiff had tried his case and it would have been supplied by one interested in the result, plaintiff's son who was driving the car at the time of the collision and who had previously testified at length. Secondly, there is not a Bill of Exception nor any other record before us showing that any witness was present after the judgment was rendered to testify to damages or what he would have testified to if present. Under these conditions it has been held that a refusal of a trial court to reopen a case was not an abuse of discretion. Stroud et vir. v. Jones, Tex.Civ.App., 295 S.W.2d 491 (NRE). Accordingly, the judgment of the trial court is affirmed.