**Lex L. PENIX, Appellant,**

v.

**Victor Truman SPOON, Appellee.**

**No. 4163.**

Court of Civil Appeals of Texas.

Eastland.

July 21, 1967.

Rehearing Denied Aug. 25, 1967.

Wagstaff, Alvis, Charlton & Alvis, David G. Stubbeman, Abilene, for appellant.

A. J. Smith, Anson, for appellee.

WALTER, Justice.

Lex L. Penix filed suit against Victor Truman Spoon for property damage growing out of an automobile collision. Spoon filed a plea of privilege to be sued in Hardeman County. The plea of privilege was sustained.

Penix has appealed. The judgment is based on the Court's conclusion that appellant failed to show that any damages were sustained by him in the accident. Venue is regulated entirely by statutes. Proof of damages is not required by subdivision 9a of Article 1995, Vernon's Ann.Civ.St. In Cumba v. Union Bus Lines, Inc., 229 S. W.2d 176, (Tex.Civ.App. no writ history), the court said:

"The pleading which gives jurisdiction to the lower court alleged the amount of damages sufficient to come within the jurisdiction of that court. We hold that it was not necessary on a hearing of the plea of privilege to establish the amount of the damage. That could be established on the trial on the merits. Foster v. Gainsville Bus Lines, Tex. Civ.App., 187 S.W.2d 144."

Also in Hawkins v. Schroeter, 212 S.W. 2d 843, (Tex.Civ.App., no writ history), the Court said:

"It is conceded that the amount of pecuniary damages sustained as the result of the injury, the extent of the injury, in other words, is not a venue fact, nor an element of a venue fact. Therefore, all a plaintiff needs to show in order to maintain venue is that a legal right of his has been violated as a result

of a particular class or kind of wrongful act."

We are compelled to hold that the Court erred in holding that proof of damages was a venue fact.

The judgment is reversed and the cause is remanded.