**Victor Truman SPOON, Petitioner,**

**v.**

**Lex L. PENIX, Respondent.**

**No. B–489.**

Supreme Court of Texas.

Nov. 8, 1967.

A. J. Smith, Jr., Anson, for petitioner.

Wagstaff, Alvis, Charlton & Alvis, David G. Stubbeman, Abilene, for respondent.

PER CURIAM.

This is a plea of privilege case. Jurisdiction of this Court is based upon a conflict between the decision of the Eastland Court of Civil Appeals in this case (418 S.W.2d 323) and a prior decision of the Amarillo Court of Civil Appeals in Burris v. Wilson, 363 S.W.2d 885 (1962, no writ).

In the present case, exception 9a of Article 1995, Vernon's Ann.Tex.Stats., was invoked by Dr. Lex L. Penix, plaintiff, who sued the defendant, Victor Truman Spoon, in Jones County, seeking damages arising out of an automobile collision which took place at the intersection of Highways Nos. 277 and 180 in said county. The case was tried upon the admissions of the defendant under Rules 169 and 170, Texas Rules of Civil Procedure, and the testimony of Mrs. S. Necessary, the only witness called in the case. It appears from the uncontroverted evidence that the defendant, while driving a pickup truck in a southerly direction on

**168**

Highway 277, turned suddenly to the left in front of Mrs. Necessary's car without giving a prior indication of his intention to make a left hand turn. Mrs. Necessary's car struck the pickup and the pickup then collided with the plaintiff's automobile which was headed west on Highway 180 but was stopped at the intersection. No one testified as to the extent of the damages to the Penix car or for that matter stated that such car had been damaged. The Court of Civil Appeals reversed the trial court's judgment sustaining the defendant's plea of privilege to be sued in Hardeman County, Texas where he resides.

In Burris v. Wilson, it appeared that because of defendant's negligence, Burris, the plaintiff, swerved his car to the left in an attempt to avoid colliding .with defendant's automobile, but nevertheless a very slight collision between the two automobiles took place. Following this collision, the Burris automobile proceeded some distance down a borrow ditch, hit a culvert and swerved onto and across the roadway. The Amarillo Court of Civil Appeals affirmed the action of the trial court sustaining the defendant's plea of privilege upon the holding that no injury or damage to plaintiff's automobile had been shown.

We agree with the decision of the Court of Civil Appeals in the present case. When the plaintiff Penix conclusively established that his automobile had been struck as a proximate result of defendant's negligence, he established his right to maintain the action in Jones County over the plea of privilege of defendant. The extent of the injury or damage suffered by the plaintiff constitutes no part of a venue fact. The uncontroverted evidence showed that the defendant had violated a legal right of the plaintiff and that is all the statute requires. Hawkins v. Schroeter, 212 S.W.2d 843 (Tex.Civ.App.1948, no writ).

The application for writ of error is refused. Rule 483, Texas Rules of Civil Procedure.