**SCURLOCK OIL COMPANY, Appellant,**

v.

**Mary S. KNOX et al., Appellees.**

**No. 7854.**

Court of Civil Appeals of Texas, Beaumont.

June 24, 1976.

J. B. Whittenburg, Larry Germer, Beaumont, for appellant.

Jon B. Burmeister, Port Arthur, for appellees.

KEITH, Justice.

Defendant below appeals from an order overruling its plea of privilege to be sued in Harris County. We reverse the judgment of the trial court and order the cause transferred for the reasons now to be stated.

Mary S. Knox, alleging that she was the surviving wife of Ira Knox, Jr., deceased, and the natural mother of the surviving children of the said Ira Knox, Jr., namely, Lynn Marie Knox and Ira Knox, III, instituted this suit for the wrongful death of the said Ira Knox, Jr. The suit was brought under the provisions of the Wrongful Death Statute, *Art. 4671, Tex.Rev.Civ. Stat.Ann.*, et seq., and no recovery was

sought under the Survival Statute, *Art. 5525, Tex.Rev.Civ.Stat.Ann. (1958)*.[1]

Plaintiffs sought to maintain venue in Jefferson County under the provisions of *subdivision 9a, Art. 1995, Tex.Rev.Civ.Stat. Ann. (1964)*, the negligence subdivision.[2] Upon the venue hearing, plaintiffs offered a police officer who testified as to his investigation at the scene of the accident, a supervisor of the defendant who testified generally on the question of the scope and course of the employment of the truck driver, and portions of the deposition testimony of the driver of defendant's truck. Plaintiffs then offered, over defendant's objections, the original petition and the controverting plea of privilege.[3]

For the purposes of this appeal, we concede that plaintiffs made out a prima facie case of negligence proximately causing the death of Ira Knox, Jr. However, there is not a scintilla of evidence in this record that any of the named plaintiffs is a beneficiary as set out in *Art. 4675, Tex.Rev.Civ.Stat. Ann. (1940)*. No plaintiff testified; there were no stipulations, no requests for admission of facts, no interrogatories. There is simply a complete absence of proof that any person designated as plaintiff in the original petition is entitled to prosecute and maintain the action or suffered any injury or damage by reason of the death of Ira Knox, Jr.

 We readily concede, as indeed we must, that the *extent* of the injury or damage suffered by plaintiff relying upon *sub-*division 9a of the statute is not a venue fact. *Spoon v. Penix*, 422 S.W.2d 167, 168 (Tex.1967). However, it is necessary, in order to maintain venue under such subdivision, for plaintiff to show "that a legal right of his has been violated as a result of a particular class or kind of wrongful act." *Hawkins v. Schroeter*, 212 S.W.2d 843, 846 (Tex.Civ.App.—San Antonio 1948, no writ), cited in *Spoon v. Penix*, supra, for the proposition that the uncontroverted evidence there showed that "the defendant had violated a legal right of the plaintiff and that is all the statute requires."

In *Petrey v. Williams*, 312 S.W.2d 383, 387 (Tex.Civ.App.—Amarillo 1958, no writ), some of the plaintiffs had succeeded in showing actionable negligence causing the death of the decedent. The court said that under the third requirement of *subdivision 9a* [footnote 2 hereof] the plaintiffs must prove that the negligent act or omission was a proximate cause of plaintiffs' injuries. From this premise, the court continued:

> "The proof is completely void of any testimony showing the named plaintiffs as beneficiaries of the deceased, Poindexter. If they are not his beneficiaries the plaintiffs suffered no legal injuries. In order to show they suffered legal injuries they would have to prove their relationship to him."

The court concluded: "Appellees, having failed to prove one of the necessary elements of the venue exception relied on in Cause No. 11,886, the judgment of the trial

---

1. See in this connection: *Landers v. B. F. Goodrich Company*, 369 S.W.2d 33, 35 (Tex. 1963); *Huntington v. Walker's Austex Chili Co.*, 285 S.W.2d 255, 258 (Tex.Civ.App.—Waco 1955, writ ref'd); *Carter v. Van Meter*, 495 S.W.2d 583, 585 (Tex.Civ.App.—Dallas 1973, no writ).

2. The parties are in agreement that plaintiffs' burden was that set out in the statute: "The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are: 1. That an act or omission of negligence occurred in the county where suit was filed. 2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment. 3. That such negligence was a proximate cause of plaintiff's injuries."

3. Upon appeal, plaintiffs concede that the introduction of the pleadings availed them nothing, saying: "The Plaintiff [sic] further agrees with the Defendant's quotation from the case of *Ideal Baking Company v. Boyd*, 417 S.W.2d 613 (Tex.Civ.App.—Tyler 1967, no writ), wherein the Court discusses the fact that the Plaintiff cannot utilize the allegations contained in his petition or controverting affidavit as a substitute for testimony to prove his venue facts."

court in that case is reversed and rendered." Id. at 388.

We find *Petrey v. Williams* to be dispositive. It is true, as pointed out by plaintiffs' counsel, that this case was cited in *Burris v. Wilson*, 363 S.W.2d 885, 887 (Tex.Civ.App.— Amarillo 1962, no writ), which was overruled by *Spoon v. Penix*, supra. In *Burris* and in *Spoon*, the plaintiffs showed conclusively that the defendants had violated a legal right of plaintiffs. No such showing was made in either *Petrey* or in this case. *Spoon v. Penix* has not weakened the holding in *Petrey.*

■ Having considered the authorities cited by plaintiffs and, remaining convinced that plaintiffs failed to prove an essential ingredient of the case upon the hearing, we proceed to render the judgment which the trial court should have rendered: an order sustaining the plea of privilege. Consequently, the judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to transfer the cause to one of the district courts of Harris County, Texas. It is so ordered.

REVERSED and REMANDED with instructions.

STEPHENSON, J., not participating.