**Raymond BRINK, Appellant,**

v.

**Ted WEAVER, Appellee.**

**No. 5779.**

Court of Civil Appeals of Texas, Waco.

Jan. 26, 1978.

Stuart C. Hollimon and John H. Marks, Jr., Strasburger & Price, Dallas, for appellant.

Arlen D. Bynum and Louis J. Sandbote, Bradshaw & Bynum, Dallas, for appellee.

## OPINION

JAMES, Justice.

This is a venue case involving Subdivision 9a of Article 1995, Vernon's Texas Civil Statutes. Plaintiff-Appellant Raymond Brink and Rondy Giescke brought this suit in Navarro County against Ted Weaver, a resident of Freestone County, for damages for personal injuries allegedly sustained by Plaintiffs when the truck they were operating collided with a cow owned by Defendant Weaver. Plaintiffs alleged several acts of negligence on Defendant's part, including Defendant's failure to maintain adequate fences to keep his cattle from going upon the highway (Interstate 45), and his failure to keep the cow in question within such fences, each of such grounds of negligence being alleged to be a proximate cause of the accident and injuries in question.

Defendant filed a plea of privilege to move the cause to Freestone County, the county of his residence. Plaintiffs controverted under Subdivision 9a, Article 1995. The trial court after hearing sustained Defendant's plea of privilege and ordered the cause transferred to Freestone County, from which action the Plaintiff Raymond Brink appeals. We affirm.

Appellant asserts a single point of error as follows: "The District Court erred in sustaining Appellee's Plea of Privilege because the evidence established as a matter of law that there was causative negligence in Navarro County on the part of Appellee." We overrule this point of error.

Then in the argument portion of Appellant's brief, Appellant asserts that the trial court's implied findings to the effect that Defendant-Appellee was guilty of no causative negligence are so against the great weight and preponderance of the evidence as to be manifestly unjust, under the rule announced by our Supreme Court in *In re King's Estate* (Tex.1951) 150 Tex. 662, 244 S.W.2d 660. In our evaluation of this last-named contention of Appellant we have considered the entire record and weighed the evidence both in favor of and against Appellant, and likewise overrule this contention. In summary, we are of the opinion and hold that the trial court's implied findings of no causative negligence on Defendant-Appellee's part are amply supported by the evidence, and that such findings are not against the great weight and preponderance of the evidence under the *In re King's Estate* test.

On March 13, 1975, at about 5 o'clock A.M., Plaintiff-Appellant Raymond Brink was driving a tractor-trailer on Interstate 45 in Navarro County, with Plaintiff Rondy Giescke as co-driver in the truck with him; whereupon the tractor-trailer collided upon said highway with a cow belonging to Defendant-Appellee Ted Weaver. As a result of the accident both Plaintiffs suffered substantial personal injuries. The accident scene was adjacent to property owned by the Defendant.

Defendant, after the accident, definitely traced the tracks of the cow in question back across his property and through two water-gap fences which had been knocked down by extraordinary rains which fell on the day before the accident. The evidence was to the effect that Defendant had experienced his cattle escaping from this and other locations across a water-gap fence or fences close to the highway on prior occasions.

However, on the occasion with which we are concerned, the cow in question was in a pasture located about two miles from the accident scene, wherein were contained about one hundred head of cattle. This particular pasture was enclosed by a good substantial barbed-wire fence which was constructed in a manner in keeping with other cattle enclosures in that locality.

At about midday (noon) of March 12, 1975, the day immediately preceding the accident, Defendant Weaver personally inspected the pasture containing the 100 head which included the cow in question, after most of the heavy rains had fallen. There was nothing about the fences which enclosed these cattle which would indicate that any of these cattle could escape from this pasture. This pasture, as stated, was about two miles from the scene of the accident.

**602**

Then, on this same occasion, Defendant Weaver inspected the creek which ran through his land, which creek crossed Interstate Highway 45 near the accident scene. Weaver had two water-gap fences which crossed this creek. At this particular time of Weaver's inspection, the 30 foot wide creek bed was filled with water, and the water was overflowing out of its banks, and the two water-gap fences were under fifteen to twenty feet of water.

Weaver testified, and it is undisputed, that for this particular cow in question to get to the accident scene, it had to go through three fences, first, to get out of the pasture where it was on noon the day before, and then through the two water-gap fences. Of course after the rains subsided and the creek went down, it is easy to see that the cow could and did walk through the two water-gap fences that had been knocked down, so as to get upon the highway.

However, there is no evidence of any kind to show or explain how the cow escaped from or got out of the pasture that it started from. In other words, there is no showing in any manner by Plaintiffs of negligence on Defendant's part concerning how this cow got out of this well-fenced pasture.

■ In order to establish venue against a non-resident defendant under Subdivision 9a, Article 1995, the plaintiff has the burden of pleading and proving by a preponderance of the evidence that the defendant was guilty of an act or omission constituting negligence in the county where the suit is pending, and that such negligence was a proximate cause of plaintiff's injuries. *Spoon v. Penix* (Tex.1967) 422 S.W.2d 167.

■ The trial court was authorized to believe Defendant Weaver's testimony concerning the itinerary the cow had to travel to get from the pasture of origin to the accident scene, and there is no evidence in the record to the contrary. In short, the Plaintiffs failed to meet their burden to establish venue in Navarro County, and therefore the trial court did not err in sustaining the Defendant's plea of privilege to be sued in Freestone County.

Judgment of the trial court is accordingly affirmed.

AFFIRMED.