**GENERAL MOTORS CORPORATION,**
Appellant,

v.

**Mrs. Jay GRIZZLE et al., Appellee.**

**No. 6242.**

Court of Civil Appeals of Texas,
Waco.

Feb. 12, 1981.

Rehearing Denied March 12, 1981.

R. Chris Harvey, John C. Dacus, James K. Peden, III, Strasburger & Price, Dallas, for appellant.

Roger Knight, Jr., Madisonville, for appellees.

## OPINION

JAMES, Justice.

This is an appeal from an order overruling a Plea of Privilege. Mrs. Jay Grizzle, mother of Charles David Grizzle, Deceased, and Jerry Grizzle, Administrator of Charles David Grizzle's Estate, brought this suit for the alleged wrongful death of Charles David Grizzle arising out of a two vehicle accident occurring in Brazos County, Texas. Named as Defendants were Donald Ray May, driver of one of the vehicles; Chem-Jet, Inc., May's employer and owner of the vehicle driven by May; and Appellant General Motors Corporation, alleged to be the manufacturer of the vehicle driven by May.

Suit was filed in Madison County, Texas, the residence of Defendants May and

Chem-Jet, Inc. General Motors filed its Plea of Privilege seeking transfer of the cause to Dallas County, Texas. From the trial court's order overruling this Plea of Privilege, this appeal has been taken.

On February 3, 1979, Donald May was driving a 1976 GMC 5 ton tandem axle truck which subsequent to the time of its purchase had been equipped with a vacuum tank. Immediately prior to the accident May was driving in the westbound lane of State Highway 21, having left Chem-Jet's yard outside North Zulch in route to Kursten, Brazos County, Texas. May testified that he was travelling at a speed of 55 miles per hour and the road was wet. There was also evidence that the road was slick. He noticed an automobile about a mile in front of him making a left turn, so he started slowing down, then applied his brakes to get the truck's RPMs down so he could downshift the gears of the truck. He claims that when he applied the brakes, the brakes on the left side locked and would not release. The back end of the truck came around to the left into the eastbound lane of the highway. He testified that he tried to straighten the vehicle by turning the wheel to the left, and managed to straighten the truck, but it swung to the left again. He was then involved in a collision with the vehicle operated by Charles David Grizzle, killing Charles David Grizzle and his daughter Charlene Grizzle and injuring his stepdaughter Jaina Wakefield.

Mrs. Jay Grizzle filed suit on February 27, 1979, seeking damages arising out of the alleged wrongful death of her son pursuant to Article 4671 through Article 4677, inclusive, of the Revised Civil Statutes of the State of Texas and under and by virtue of Article 5525 of the Revised Civil Statutes of the State of Texas more commonly known as the Wrongful Death Act and Survival Statute respectively. Thereafter, Jerry Grizzle, as Temporary Administrator of the Estate of Charles David Grizzle, became a party to the suit. Named as Defendants originally were Donald May and Chem-Jet, Inc.

On March 12, 1980, Plaintiffs' Second Amended Original Petition was filed naming as an additional Defendant, General Motors Corporation. General Motors then filed its Plea of Privilege and Answer Subject Thereto seeking transfer of the suit against it to Dallas County, the county of its residence and of the office and principal place of business. Plaintiffs controverted the Plea of Privilege alleging venue to be proper under Subdivisions 4, 23, and 27, Article 1995 of the Revised Civil Statutes of the State of Texas.

The cause of action alleged against May and Chem-Jet, Inc. is based upon general allegations of negligence on the part of May in operating the 1976 GMC truck he was driving while in the course and scope of his employment for Chem-Jet, Inc. The cause of action alleged against General Motors is based on theories of both negligence in the design and manufacture of the truck driven by May and strict liability in tort.

The trial court after hearing overruled Defendant-Appellant General Motors Corporation's plea of privilege, from which General Motors appeals. We affirm.

No findings of fact or conclusions of law were requested of or filed by the trial court.

Appellant's first contention is that the trial court erred in overruling Appellant's Plea of Privilege, since there was no evidence or at least insufficient evidence of negligence on the part of Donald May or Chem-Jet, Inc., (the resident Defendants), which proximately caused the accident or death of Charles David Grizzle, or of any damages resulting therefrom, necessary to establish venue under Subdivision 4 of Article 1995, V.A.T.C.S. Its basic contention, therefore, is that a negligence cause of action was not established such as is necessary to establish venue under Subdivision 4, Article 1995, V.A.T.C.S.

We will first consider Appellant's contention as to whether negligence was proved. Appellant contends that the evidence conclusively establishes that the accident was due to the brake failure of the truck and not due to any negligence on the part of either of the Defendants May or Chem-Jet, Inc. Appellees, however, contend that neg-

ligence or negligence per se was clearly established in that Donald May was driving on the wrong side of the road, and there was evidence to support the finding that there was no justifiable excuse for May's conduct. See *Moughon v. Wolf* (Tex.1978) 576 S.W.2d 603.

■ It is the sole province of the fact finder to judge the credibility of witnesses and the weight to be given their testimony. *Sentry Development Corporation v. Norman* (Tex.Civ.App.—Tyler 1977) 553 S.W.2d 664, NRE. To come within the exception of Subdivision 4 of Article 1995, the plaintiff must prove at the venue hearing that one defendant is a resident of the county of the suit, that the party asserting the plea of privilege is a proper party to the claim against the resident defendant, and that the plaintiff has a bona fide claim against the resident defendant, and in order to comply with the third requirement, plaintiff must plead and prove his cause of action against the resident defendant. *Stockyards National Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936); also see *Royal v. Moore* (Houston 1st CA 1979) 580 S.W.2d 159, no writ. It has been held that driving on the wrong side of the road is negligence per se, *Moughon v. Wolf* (Tex.1978) 576 S.W.2d 603, and where evidence of such action is introduced, unless some evidence of a justifiable excuse is introduced, negligence per se will be established. *Impson v. Structural Metals, Inc.* (Tex.1972) 487 S.W.2d 694.

■ It was undisputed here that May's truck was travelling on the wrong side of the road when the collision occurred. The only evidence of an excuse came through May's testimony, that his brakes locked, causing the truck to swing to the left. It was the sole province of the trial judge to judge May's credibility and the weight to be given to his testimony, and as an interested party, or for whatever reason, the judge may have given little or no weight to his testimony of excuse. In any event, there is evidence of a probative nature to support the judgment in regard to the trial court's implied finding of negligence and we must, therefore, overrule appellants' contention on this basis.

Appellant General Motors further contends that a cause of action was not established against either of the resident defendants because damages were not proved to have resulted from the negligence of these defendants. We do not agree.

■ Our Supreme Court has held in *Spoon v. Penix* (Tex.1967) 422 S.W.2d 167, that the extent of injury or damage suffered by the plaintiff relying upon Subdivision 9a, Article 1995, Vernon's Texas Civil Statutes, is not a venue fact. However, it is necessary in order to maintain venue under 9a for the plaintiff to show "that a legal right of his has been violated as a result of a particular class or kind of wrongful act." *Hawkins v. Schroeter* (Tex. Civ.App.—San Antonio 1948) 212 S.W.2d 843, 846, no writ, cited by the Supreme Court in *Spoon v. Penix*, supra. *Spoon* further held: "The uncontroverted evidence showed that the defendant had violated a legal right of the plaintiff, and that is all the statute requires." See *Scurlock Oil Co. v. Knox* (Tex.Civ.App.—Beaumont 1976) 539 S.W.2d 160, no writ, where the plaintiff brought her cause of action under the Wrongful Death Statute, Article 4671, et seq., Vernon's Texas Civil Statutes.

■ In the case at bar, the deceased Charles David Grizzle and his daughter were both killed as a proximate result of being struck by a truck owned by one resident defendant and driven by the other resident defendant, at a time when such truck was being driven on its wrong side of the road. Therefore, it is clear that such defendants "violated a legal right" of the deceased Mr. Grizzle. Here the deceased Mr. Grizzle's mother and the Administrator of his estate are plaintiffs who have sued under Articles 4671, et seq. (wrongful death) and 5525 (survival). As an example of damages which may be inferred from violation of a legal right, our Supreme Court has held that the reasonable cost of a suitable funeral constitutes a charge against the estate and is part of the expense which must be incurred as a result of

the injuries. See *Landers v. B. F. Goodrich Co.* (Tex.1963) 369 S.W.2d 33 at page 35.

Since it is unquestioned that a legal right of the deceased Charles David Grizzle has been violated, to wit, by his death and his daughter's death, by the truck owned by one resident defendant and driven by the other resident defendant, at a time when said truck was being driven on its wrong side of the road, we are of the opinion and hold that this violation of such legal right now constitutes a part of the cause of action asserted by the Plaintiff-Appellees herein, and that the evidence before us is legally and factually sufficient to maintain venue in Madison County under Subdivision 4, Article 1995. We therefore affirm the trial court's judgment.

AFFIRMED.

McDONALD, C. J., not participating.