**PARKS AND WILDLIFE DEPARTMENT OF the STATE OF TEXAS, Appellant,**

v.

**HELDENFELS BROTHERS, INC. and Deborah Lynn Huebotter, Individually and as Heir of the Estate of Gerald C. Huebotter, Deceased, Appellees.**

No. 16885.

Court of Appeals of Texas, San Antonio.

Dec. 29, 1982.

Rehearing Denied Feb. 16, 1983.

Jack Sparks, Asst. Atty. Gen., Austin, for appellant.

Larry Ludka, Corpus Christi, John Cornyn, Tom Crofts, Ann Livingston, Ralph W. Brite, San Antonio, for appellees.

Before CANTU, TIJERINA and DIAL, JJ.

OPINION

ON MOTION FOR REHEARING

PER CURIAM.

Upon motion for rehearing, appellee Heldenfels Brothers complains that we relied upon a clerical error in the record in regard to our discussion of the point of error num-

ber two. Having concluded that the opinion was subject to such criticism, we withdraw our original opinion and substitute this opinion in its stead. We continue to dismiss in part and reverse and render in part.

This is a consolidated venue case involving two separate causes of action for injuries resulting in death.

On or about December 8, 1978, an automobile owned by the Parks and Wildlife Department of the State of Texas (hereinafter State) and driven by James E. Daughtrey, Jr., a state game warden, and a pickup truck owned by Heldenfels Brothers, Incorporated (Heldenfels), and driven by Gerald C. Huebotter, with Rockey Teague as a passenger, collided on FM 624 in McMullen County. Both drivers were killed. Thereafter, in cause number 922 in the 36th District Court, McMullen County, Cynthia A. Daughtrey, for herself as widow and as next friend of her three children (collectively Daughtrey) sued Heldenfels and Deborah Lynn Huebotter, widow and community survivor of Gerald C. Huebotter (Huebotter) for damages resulting from the death of James E. Daughtrey, Jr. State intervened, asserting subrogation rights for workers' compensation benefits paid to Daughtrey. Both Huebotter and Heldenfels filed pleas of privilege. Daughtrey filed controverting affidavits, each asserting exceptions under Tex.Rev.Civ.Stat.Ann. art. 1995, §§ 9a, 23 (Vernon Supp.1982). The State filed a controverting plea to Huebotter's plea of privilege but there is nothing in the record on appeal to show that State filed a controverting plea to the Heldenfels' plea of privilege.

Subsequently, Huebotter sued State in cause number 936, in the same court, for damages arising from the death of Gerald C. Huebotter. State counterclaimed against Huebotter for property damage to the State's automobile which was demolished in the crash. State then amended its counterclaim against Huebotter and brought a third party action against Heldenfels, seeking to recover from both Huebotter and Heldenfels, by subrogation,

amounts paid to Daughtrey in workers' compensation benefits. Heldenfels responded with an instrument called SPECIAL APPEARANCE TO PRESENT MOTION TO THE JURISDICTION, and included in the same document an instrument called PLEA OF PRIVILEGE SUBJECT TO SPECIAL APPEARANCE TO PRESENT MOTION TO THE JURISDICTION AND ANSWER SUBJECT THERETO. State filed a controverting plea, asserting exceptions under Tex.Rev.Civ.Stat. Ann. art. 1995, §§ 9a, 23 (Vernon Supp. 1982), and it also filed an answer to Heldenfels' "special appearance."

The trial court held a single hearing on the two pleas of privilege filed in cause number 922 and the one plea of privilege in cause number 936. The only evidence was adduced by the State, no appearance having been made by Daughtrey. The trial court, on State's motion, took judicial notice of all pleadings on file in both causes. Then State called Rockey Teague as a witness. Teague testified that he went to Gerald Huebotter's house and discussed going riding in the truck furnished by Heldenfels to Gerald Huebotter and that they did go riding. That was all of Teague's testimony accepted into evidence except for his testimony identifying himself. The State also called Allen Alexander, a patrolman with the Texas Department of Public Safety who investigated the accident. He estimated the time of the accident to be approximately 12:30 a.m. He testified that the vehicle driven by James Daughtrey was owned by the Texas Parks and Wildlife Department and that the vehicle driven by Gerald Huebotter was owned by Heldenfels Brothers of 521 McBride, Corpus Christi. He also testified that James Daughtrey was traveling west and that Gerald Huebotter was traveling east prior to the collision. He further testified that the point of impact occurred three feet from the center strip in the westbound lane.

The trial court sustained both the Heldenfels and Huebotter's pleas of privilege in cause number 922 and the Heldenfels' plea in cause number 936. Subsequently, the

State filed a brief purportedly appealing both cases. Thereafter on agreed motion for partial disposition of our cause number 16884 (trial court number 922) filed jointly by Huebotter and State, the judgment of the trial court sustaining Huebotter's plea of privilege was reversed and judgment rendered overruling such plea of privilege. Also, upon motion by the State, what remains of the two appeals has been consolidated under our number 16885. Since the State failed to file a controverting plea to Heldenfels' plea of privilege in cause number 922 and Daughtrey did not prove herself entitled to have Heldenfels' plea of privilege overruled, the trial court had authority only to enter an order transferring the cause to the county of residence of Heldenfels. *Wilson v. Groos National Bank,* 535 S.W.2d 374 (Tex.Civ.App.—Tyler 176, no writ). We therefore are concerned only with the appeal by the State from the order sustaining the plea of privilege of Heldenfels in cause number 936.

Appellant State raises four points of error. The first avers that under the pleadings and undisputed evidence the trial court erred in granting the plea of privilege. The second point of error claims that by filing its plea to the jurisdiction, Heldenfels invoked the general jurisdiction of the trial court and waived its plea of privilege in cause number 936. In its third point of error, State alleges that Huebotter waived her plea of privilege in cause number 922 when she filed cause number 936, an action involving the same collision. Since we have reversed and rendered the judgment sustaining Huebotter's plea of privilege at the joint request of her and State, point of error number three is moot. By its fourth point of error State claims that both cases are controlled by the Texas Torts Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19 (Vernon 1970 and Supp.1982), and both must be tried in McMullen County.

■ We must now determine whether the State is entitled to a reversal of the trial court's holding on factual grounds. In the absence of findings of fact, we must assume that the trial court found facts to support its sustaining of Heldenfels' plea of privilege. *Buchanan v. Byrd,* 519 S.W.2d 841, 842 (Tex.1975). In order to overturn the trial court's findings, State must demonstrate that it proved a negligence cause of action against Huebotter and further proved either negligent entrustment of the truck by Heldenfels or that Huebotter was, at the time and place of the collision, acting in the course and scope of his employment. *Pesek v. Murrel's Welding Works, Inc.,* 558 S.W.2d 39, 44 (Tex.Civ.App.—San Antonio 1977, writ dism'd). We immediately eliminate negligent entrustment, as there was no pleading nor proof to support such a cause of action. State bases its argument on two presumptions. In order to prove a cause of action in negligence against Gerald Huebotter, State relies upon the testimony at the plea of privilege hearing of Highway patrolman Allen Alexander that the impact took place three feet from the center stripe in James Daughtrey's lane of traffic, and the presumption that traveling on the wrong side of the road in violation of statutory provisions is negligence per se. *Moughon v. Wolf,* 576 S.W.2d 603 (Tex.1978); *General Motors Corp. v. Grizzle,* 612 S.W.2d 275 (Tex.Civ.App.—Waco 1981, no writ). Where such evidence is introduced, negligence per se will be established unless some legal excuse or justification is shown. *Impson v. Structural Metals, Inc.,* 487 S.W.2d 694 (Tex.1972); *General Motors Corp. v. Grizzle, supra.* Because it is not necessary to our decision and because we do not wish to assume that the trial court made findings of fact which might become the law of the case, we express no opinion as to whether State established a cause of action for negligence on the part of Gerald Huebotter.

State also relies upon a presumption that Gerald Huebotter was in the course and scope of his employment with Heldenfels by showing that he was driving a truck belonging to Heldenfels. Both parties cite *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W.2d 354 (Tex.1971) as authority for their respective positions. That case held that when it is proved that a vehicle is owned by defendant and that the driver was in the employment of the defendant, a presump-

tion arises that the driver was in the course and scope of his employment when the accident occurred. *See also Wheeler v. Nailling,* 524 S.W.2d 552 (Tex.Civ.App.—Texarkana 1975, no writ); *Whittle v. Saunders,* 396 S.W.2d 155 (Tex.Civ.App.—San Antonio 1965, no writ). The State proved by Teague that the truck belonged to Heldenfels, and that Gerald Huebotter was furnished the truck by Heldenfels. The State also proved by Teague that Teague and Gerald Huebotter decided to go riding and proved by Patrolman Alexander that the collision occurred at approximately 12:30 a.m. We find that there was sufficient evidence to rebut the presumption that Gerald Huebotter was in the course and scope of his employment with Heldenfels at the time of the accident, and to support the trial court's sustaining of the plea of privilege. Again we made no finding, nor did the trial court, that Gerald Huebotter was not in the course and scope of his employment at the time of the accident, but only that having failed to establish that necessary element at the hearing on the plea of privilege, the State failed to show itself entitled to defeat Heldenfels' plea of privilege under article 1995, § 9a, *supra.* State's point of error number one is overruled.

As we have noted earlier, State's point of error number three is moot and is therefore overruled.

State's fourth point of error is that both cases (causes number 922 and 936) are governed by the Texas Torts Claims Act and must be tried together. We disagree. The only cause of action in which the Torts Claim Act is involved in Huebotter's claim against State in cause number 936. The Torts Claim Act is not involved in cause number 922 and in any event, State filed no controverting plea to Heldenfels' plea of privilege in that case. Furthermore, State's cause of action against Heldenfels is a subrogation claim to recover workers' compensation benefits paid to Daughtrey. That cause of action depends upon the statutory provisions of Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a (Vernon Supp.1982), and not upon the Torts Claims Act. Finally we note that the State did not raise Tex.Rev. Civ.Stat.Ann. art. 1995, § 29a (Vernon 1964), which provides that when a suit is lawfully maintainable in a county as to any of two or more defendants, the suit may be maintained in that county against any and all necessary parties. We overrule State's fourth point of error.

By its second point of error, the State insists that by filing its "plea to the jurisdiction (motion to strike)" prior to filing its plea of privilege, even though each was contained in one document, Heldenfels waived the plea of privilege in cause number 936, the only plea of privilege now before us. Heldenfels denominated its initial pleading in the document SPECIAL APPEARANCE TO PRESENT MOTION TO THE JURISDICTION.

The second pleading, made subject to the "special appearance," was the plea of privilege, and following thereafter, subject to the plea of privilege, was Heldenfels' original answer. Heldenfels described the document as a special appearance and pleaded under oath, among other things, that the special appearance was made pursuant to Tex.R.Civ.P. 120A [sic]. Heldenfels did not, however, draft its motion under the provisions of Rule 120a which permits a special appearance "for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property *is not amenable to process issued by the courts of this State.*" Tex.R.Civ.P. 120a [emphasis added]. Heldenfels instead pleaded that it was not amenable to process by the 36th District Court of McMullen County, giving as the reason "it [Heldenfels] has not been properly joined in this suit as required by the Texas Rules of Civil Procedure and no order of this Court [36th District Court] has issued allowing joinder of Cross-Defendant in this cause and therefore, Cross-Plaintiff's counterclaim, attempted joinder of Defendant, issuance of citation and service of citation are insufficient at law and cannot give rise to jurisdiction of this Court over Cross-Defendant."

We have no difficulty in holding that Heldenfels was not entitled to have the trial court grant relief sought by it under that pleading. Tex.R.Civ.P. 102 states: "All process may be served anywhere within the limits of the State of Texas." Heldenfels Brothers, alleging in its plea of privilege its principal place of business to be in Nueces County, Texas, is unarguably and as a matter of law, amenable to process by the courts in this State, and filing of a "special appearance" under Rule 120a by a resident is not a special appearance at all. Even more fundamental, Rule 120a itself provides: "Every appearance, prior to judgment, not in compliance with this rule is a general appearance." Heldenfels' "special appearance," being aimed at jurisdiction of a particular court for a curable error in the State's pleading, rather than amenability of Heldenfels to process issued by the courts of this State, was not in compliance with the rule and Heldenfels' appearance was a general appearance. *See Perone v. Texas Department of Corrections,* 583 S.W.2d 880 (Tex.Civ.App.—Tyler 1979, writ dism'd).

 Heldenfels' motion, filed prior to the plea of privilege, is no more than a plea in abatement in that Heldenfels sought to have the action against it abated until the State complied with the Rules by obtaining leave of court to file its third-party action. A plea of privilege can be waived by failure to follow due order of pleading or when a party takes some action which is inconsistent with his action on the venue issue. *Gonzales v. Blake,* 605 S.W.2d 634, 637 (Tex. Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). The test to be applied in determining if a plea of privilege has been waived is whether the party invoked the general jurisdiction of the trial court without first insisting on his plea of privilege. *H. Molsen & Co. v. Williamson,* 510 S.W.2d 366 (Tex.Civ.App.—Dallas 1974, no writ); *Crosby v. Heldt Brothers Trucks,* 394 S.W.2d 235, 237 (Tex.Civ.App.—San Antonio 1965, no writ).

From the general rule announced by this Court in *Crosby v. Heldt Brothers Trucks, supra,* Heldenfels argues in its post submission brief that a more liberal rule has been recognized by the Texas courts. Heldenfels further argues on motion for rehearing that the "special appearance" filed by Heldenfels falls within the category of pleadings that may be filed prior to a plea of privilege without resulting in waiver. We find no merit in Heldenfels' claim that the filing of the "special appearance" did not result in waiver of its plea of privilege. Similarly, we need not decide whether to adopt the more liberal "rule" urged by Heldenfels. Under the facts of this case and by the terms of Rule 120a, Heldenfels entered a general appearance and invoked the jurisdiction of the court when it filed a special appearance not in compliance with Rule 120a. We therefore hold that Heldenfels waived its plea of privilege in cause number 936 and the State's point of error number two is sustained.

The motion for rehearing filed by Heldenfels is denied. The appeal from the order of the trial court sustaining the plea of privilege of Heldenfels Brothers, Inc., in cause number 922 is dismissed and the trial court's order sustaining the plea of privilege of Heldenfels Brothers, Inc., in cause number 936 is reversed and the cause rendered. Costs are taxed equally against the Texas Parks and Wildlife Department and Heldenfels Brothers, Inc.